## HENRY MITCHINSON

### *v.*

## MICHAEL CROSS.

1. EVIDENCE—*construction of act of* 1867. Under the act of February 14th, 1867, husband and wife are competent witnesses for or against each other, only in the cases mentioned in the exceptions to section five of that act.

2. So, in a suit for malicious prosecution, wherein the plaintiff sought to prove by his wife the want of probable cause for the prosecution complained of, by showing that the alleged slanderous words upon which it was based, and which imputed to the defendant adulterous intercourse with the witness before her marriage with the plaintiff, were true, it was *held,* she was an incompetent witness.

3. MALICIOUS PROSECUTION. The gist of the action for malicious prosecution is, that the prosecutor acted without probable cause. If there is no malice, or if there is probable cause, the action will not lie. Malice,

without want of probable cause, will not support the action; both must concur; though malice may be inferred from want of probable cause.

4. SAME—*degree of proof required to show want of probable cause.* The want of the element of probable cause is the main ground of the action, and it must be clearly shown—slight evidence will not suffice. The absence of probable cause can not be inferred from malice.

5. JURY—*must determine questions of fact.* In such an action it is error for the court to assume, in an instruction, the abandonment of the alleged malicious prosecution, that being a question of fact to be determined by the jury.

6. EVIDENCE—*admissibility of in action for malicious prosecution, to show want of probable cause.* In an action for malicious prosecution to recover for damages to the plaintiff by reason of his arrest under a *capias ad respondendum* sued out in an action on the case brought by the defendant against the plaintiff for slanderous words alleged to have been uttered and spoken by the latter, imputing to the former adulterous intercourse with a certain woman, the plaintiff sought to prove the want of probable cause for the prosecution by establishing the truth of the alleged slanderous words: *Held,* that evidence offered by the plaintiff of indecent exposures on the part of the defendant to the woman with whom the alleged adulterous intercourse was charged, and her sister, was inadmissible, as having no relevancy to the issue.

APPEAL from the Circuit Court of Ford county.

This was an action for malicious prosecution, brought by Cross against Mitchinson. It appears that Mitchinson had Cross arrested for alleged slanderous words spoken by the latter, imputing to the former adulterous intercourse with one Catharine Cross, formerly Catharine Mitchinson, and to show the absence of probable cause for such prosecution, the plaintiff in this suit attempted to prove the truth of the alleged slanderous words. The plaintiff introduced testimony showing that on one occasion the defendant made an indecent exposure of his person to the said Catharine Mitchinson and her sister. The admission of this evidence against the defendant's objection is one of the errors assigned on the record.

Mr. CHARLES H. WOOD, for the appellant.

Mr. M. D. BROWN, for the appellee.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

In July, 1867, the appellant, Mitchinson, filed his affidavit in the Ford county Circuit Court, and sued out a *capias ad respondendum* against appellee, Cross, in an action on the case, for slanderous words alleged to have been uttered and spoken by the latter, imputing to the former adulterous intercourse with one Kate Mitchinson, the niece of appellant. Upon this writ Cross was arrested and, as he says, imprisoned in the county jail for the space of 48 hours. That suit having been dismissed and abandoned by Mitchinson, as it is claimed, Cross brought this action against Mitchinson, alleging that such arrest was malicious and without probable cause. Upon the trial in the court below, the jury found a verdict against appellant for $1100. A motion for new trial was made and overruled, and judgment given upon the verdict. The case was brought here by appeal, and the errors assigned question the ruling of the court in the admission of testimony and giving instructions on the part of appellee.

It appears by the bill of exceptions that appellee, Cross, having, previously to the trial, married the said Kate Mitchinson, offered her as a witness on his behalf to prove that the charges he had made against appellant were true, for the purpose of showing that there was a want of probable cause for issuing the capias for slander. The counsel for appellant objected to her competency. The court overruled the objection, and she testified to the fact of the adulterous intercourse between herself and appellant. Exception was taken to the ruling of the court, and this presents the first question in the case. Was the wife a competent witness for her husband to testify to her criminal relations with appellant before her marriage with appellee? That she was not at common law will not be disputed. The result of the authorities on this subject is well stated by KENT in his Commentaries: "The husband and wife can not be witnesses for or against each other in a

civil suit. This is a settled principle of law and equity, and it is founded as well on the interest of the parties being the same, *as on public policy."* 2 Kent's Com. 179. This reference is not made so much to show what the *rule* was, as the foundation of the rule, which is both on the ground of interest and public policy. The first section of this act of 1867 (Gross' Stat. 274,) enacts that: "No person shall be disqualified as a witness in any civil action, suit or proceeding, except as hereinafter stated, by reason of his or her *interest* in the event thereof as a party, or otherwise."

It is apparent that this provision of the statute removes the disqualification of witnesses by reason of interest. But does it touch a disqualification based upon reasons of public policy? We think not. The question has arisen in England and in several of the States, under statutes similar to ours, and it has been uniformly held, that a statute removing incompetency, by reason of *interest*, did not remove it as to husband and wife. *Alcock* v. *Alcock*, 12 Eng. Law and Eq. 354; *Stapleton* v. *Crofts*, 18 Ad. & Ellis, N. S. 367; *Hasbrouck* v. *Vandervort*, 5 Seld. 153; *Kelly* v. *Proctor*, 41 New Hamp. 139; *Breed* v. *Gove*, ib. 452; *Cram, Adm'r,* v. *Cram*, 33 Vermont, 15.

We are of opinion that husband and wife are competent witnesses for or against each other only in the cases mentioned in the exceptions to sec. 5 of the act of 1867.

This case does not fall within any of those exceptions, and we must, therefore, hold that the witness was incompetent.

The court below erred in giving instructions on behalf of appellee.

By the second instruction, the jury were told that slight evidence on the part of the plaintiff, of the absence of probable cause, will be deemed sufficient.

In *Ross* v. *Innis*, 35 Ill. 505, this court said: "The want of this element, probable cause, is the main ground of this action, and it must be clearly shown; and though malice may be inferred from the want of probable cause, a want of probable cause can not be inferred from malice."

24—58TH ILL.

The third instruction is as follows: "In a legal sense, any unlawful act done wilfully and purposely, to the injury of another, is, as against that person, malicious; if, therefore, the jury believe, from the evidence, that the prosecution for slander of Cross, by Mitchinson, was an improper act, and done for the purpose of injuring the plaintiff, Cross, then such acts on the part of Mitchinson would be malicious, and the defendant, Mitchinson, would be liable for damages, and the jury should find him guilty."

This instruction was clearly wrong; because it authorizes the jury to find the defendant guilty upon malice alone, without reference to want of probable cause. That this was the idea intended to be conveyed to the jury, is obvious, from the seventh instruction, which told the jury that, if they believed from the evidence "that the defendant, from all the circumstances, was malicious in what he did, *or* that there was want of probable cause, then the jury should find the defendant guilty, and give the plaintiff damages for the injury sustained."

The gist of the action for malicious prosecution is, that the prosecutor acted without probable cause. If there is no malice, or if there is probable cause, the action will not lie. Malice, without want of probable cause, will not support the action; both must concur, though malice may be inferred from want of probable cause. *Leidig* v. *Rawson,* 1 Scam. 272; *Jacks* v. *Stimpson,* 13 Ill. 702; *Ross* v. *Innis, supra.*

In the second instruction, the court improperly assumes the abandonment of the slander suit by the defendant. This was a matter of fact to be found by the jury. The evidence of indecent exposures had no relevancy to the issue, and should not have been admitted.

For the reasons stated, the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*