## DENNIS CREED

### *v.*

### THE PEOPLE OF THE STATE OF ILLINOIS.

1. TENANT IN COMMON—*title to crop raised on land held in common.* The fact that a child resides on land with his mother, of which they are seized as tenants in common, does not amount to proof that the child has any property in a crop of hay raised thereon. One tenant in common, merely because of being such, has no property in the crops which a co-tenant may raise and gather upon the land held in common.

2. WITNESS—*competency of wife of defendant in a trial for crime.* The wife of a party indicted is not a competent witness to testify in his behalf, but as to any matter bearing upon the case of a co-defendant she may tes-

tify. Sec. 426, of the Criminal Code, only removes the disqualification of witnesses growing out of interest or infamy.

3. ALIBI—*proof required to show.* Where stacks in two different yards, situated some distance apart, are burned, some time intervening, if the defendants charged with the burning set up an *alibi*, it is not erroneous for the court to instruct the jury that the evidence must cover the whole of the time of the setting of the fires, if they believe, from the evidence, the stacks were set on fire, so as to render it impossible or very improbable that the defendants, or any of them, could have committed the act.

4. WITNESS—*credibility of party in criminal case.* On the trial of an indictment, the defendants asked the following instruction: "The jury have no right to disregard the testimony of the defendants, or either of them, through mere caprice, or merely because they are defendants. The law makes them competent witnesses, and the jury are bound to consider their evidence, and are the sole judges of their credibility." The court modified it by adding: "Yet the jury are under no legal obligation to believe them, if, from all the facts proved in the case, they think their testimony not reliable:" *Held,* no error in the modification.

5. INSTRUCTION—*that defendant not bound to show who did the act complained of.* On the trial of parties for burning stacks of hay, it is not error to refuse an instruction that it is not for the defendants to prove or show who burned the hay, where the prosecution makes no pretense that they must make such proof.

6. CRIMINAL LAW—*punishment of defendant under eighteen years of age.* Where the defendant is under eighteen years of age at the time of committing a crime, other than murder, manslaughter, rape, robbery, burglary or arson, it is error to sentence him to the penitentiary. In such case the jury have nothing to do with fixing the punishment, which is a matter for the court to fix, by imprisonment in the county jail.

7. SAME—*arson.* Burning of a stack of hay is not arson, either at common law or under the statute.

WRIT OF ERROR to the Circuit Court of Ogle county.

Messrs. O'BRIEN, BARGE & DIXON, for the plaintiff in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an indictment against Dennis Creed, James Creed, Victor Bovey and Peter Bovey, for willfully and maliciously burning eight stacks of hay, the personal property of Alcina Dana and Samuel Young. Upon trial had, the jury found Peter Bovey, Victor Bovey and James Creed not guilty, and

Dennis Creed guilty, and fixed the term of his imprisonment at one year. The court sentenced him to imprisonment in the penitentiary for the term of one year.

It is objected that there was a variance between the proof and the averment of the indictment as to the ownership of the property.

The indictment describes the hay as the personal property of Alcina Dana and Samuel Young. They both testified that the hay belonged to them. There was proof that the hay was grown on the farm on which Horace Dana resided at the time of his death; that Alcina Dana was his widow, residing on the farm; that Samuel Young, under contract with Mrs. Dana, cut and put up the hay in stacks on the shares, he to have a half interest in it; that it had not been divided.

The supposed point of variance is, that Horace Dana, the child of Horace Dana, senior, was a part owner of the property. Without stopping to inquire whether that, if it were a fact, would constitute a variance, we find no proof of such part ownership. All that is pretended in that regard is in what appears from the exhibition in evidence of the will of Horace Dana, senior, whereby he devised the land on which the hay was grown, one-third to his wife, Alcina Dana, and two-thirds to his child, Horace Dana, and that the child lived on the land with his mother. This would be evidence of a tenancy in common of the land, but would not amount to proof that the child had any property in the hay. One tenant in common merely because of being such, has no property in crops which a co-tenant may raise and gather upon the land held in common.

It is further objected that the court below erred in refusing to allow Mrs. Delia Creed to testify as a witness on the part of the defendants.

She was the wife of James Creed, one of the defendants. It is insisted that, notwithstanding her common law disability to testify in behalf of her husband, she is made competent to so testify by the 426th section of the Criminal Code, p. 410, Rev. Stat. 1874, which is as follows: "No person shall be disqualified as a witness in any criminal case or proceeding, by reason

of his interest in the event of the same, as a 'party or otherwise, or by reason of his having been convicted of any crime; but such interest or conviction may be shown for the purpose of affecting his credibility."

This provision only removes the disqualification of witnesses by reason of interest or conviction of crime. The exclusion of husband and wife from being witnesses for or against each other, is not solely on the ground of interest. "This exclusion is founded partly on the identity of their legal rights and interests, and partly on principles of public policy, which lie at the basis of civil society." 1 Greenlf. Ev. § 334; Roscoe's Crim. Ev. 147 (5th Am. ed.) Under a similar statute removing the incompetency of witnesses by reason of interest, in civil cases, this court held that the statute did not reach a disqualification based upon reasons of public policy, and so did not remove the incompetency as to husband and wife. *Mitchinson* v. *Cross*, 58 Ill. 366.

So far as might, in any way, affect her husband, James Creed, we think Mrs. Creed was not a competent witness. As to any other matter bearing exclusively upon Dennis Creed, we think she might have properly been received to testify.

But what few facts there were of this character offered to be proved by the witness, were fully testified to by three other witnesses, Katy, Nora, and James Creed, and as that testimony was without contradiction, and there was nothing, so far as we see, inconsistent with it in the evidence on the part of the prosecution, we can not think that any injury could have resulted to appellant by the rejection of this offered evidence, which related exclusively to himself. Hence, we find no material error in this regard.

The giving of the third and fourth instructions, for the people, is assigned for error. They are as follows:

"That in this case, what in the law is known as an *alibi*, that is, that the defendants, and each of them, were at another place at the time of the burning of the stacks, so far as the same is relied on by the defendants, to render the proof of an

*alibi* satisfactory to the jury, the evidence must cover the whole of the time of the setting of said fires, if the jury believe, from the evidence, said stacks were set on fire, so as to render it impossible or very improbable that the defendants, or any of them, could have committed the act.

"Evidence of good character is, in law, to be considered by the jury, in all doubtful cases, of great weight. Yet, if the proof of guilt is direct and clear, it is entitled to little consideration."

We perceive no substantial error in the instructions. It is supposed that the third one, in some way, involves the question of reasonable doubt, and that it is defective in that it excludes the idea of reasonable doubt. But the instruction is not directed to the measure of proof required in order to find the defendants guilty, or to find an *alibi*, but its purpose is, rather, to define what will amount to an *alibi*, that the proof in regard to it should cover the whole of the time of the setting of the fires, so as to render it impossible or very improbable that the defendants, or any of them, could have committed the act, the evidence showing that the eight stacks of hay were in two stack yards, about a mile apart, four stacks in each yard, and that there was some space of time between the firing of the stacks in the two yards.

It is insisted the court erred in modifying defendants' thirteenth instruction, which was as follows—the modification by the court being the addition of that portion which is in *italics:*

"The jury have no right to disregard the testimony of the defendants, or either of them, through mere caprice, or merely because they are defendants. The law makes them competent witnesses, and the jury are bound to consider their evidence, and are the sole judges of their credibility. *Yet the jury are under no legal obligation to believe them, if, from all the facts proved in the case, they think their testimony not reliable.*"

We see no reasonable ground of objection to the modification of the instruction which was made by the court.

It is urged that there was error in refusing this instruction, asked by the defendants:

"21. The court instructs the jury, that it is not for the defendants to prove or show who burned the hay described in the indictment; on the contrary, it is incumbent upon the people to establish, beyond a reasonable doubt, by the evidence in this case, that it was the defendants who burned it or caused it to be burned. And if the people have failed to establish their guilt, beyond such reasonable doubt, then the jury must find the defendants not guilty."

All of this instruction, except the first clause of it, was embraced in several previous instructions which had already been given to the jury.

As to the first clause of the instruction, that it was not for the defendants to prove or show who burned the hay, it does not appear there was any pretense on the part of the prosecution that it was for the defendants to so show or prove, and we can not suppose the jury to have been so wanting in ordinary intelligence, that such an instruction to them could have been, in any way, important. We find no material error in the refusal of the instruction.

It is further objected, that the evidence was not sufficient to authorize a conviction.

Upon an examination of the testimony, we find there to be sufficient to support the finding of the jury, and we perceive no sufficient reason for disturbing the verdict, in this respect.

It appears, from the evidence, that appellant was under eighteen years of age at the time the offense was committed. If so, he should have been sentenced to the common jail, and not to the penitentiary. *Monoughan* v. *The People*, 24 Ill. 341.

The 449th section of the Criminal Code declares, that " persons under the age of eighteen years shall not be punished by imprisonment in the penitentiary for any offense, except murder, manslaughter, rape, robbery, burglary or arson; in all other cases where a penitentiary punishment is or shall be

provided, such person, under the age of eighteen years and over the age of sixteen years, shall be punished by confinement in the county jail, for a term not exceeding eighteen months, at the discretion of the court." Rev. Stat. 1874, p. 413.

Burning a stack of hay was not arson, at the common law, nor does the statute declare it to be arson, although it makes it a penitentiary offense.

The verdict of the jury was improper in fixing the punishment at all, and was surplusage in this respect, the defendant being under eighteen years of age at the time of the commission of the offense. It was the duty of the court to fix the punishment, which, in such case, is imprisonment in the county jail, not exceeding eighteen months, in the discretion of the court. The judgment of the court was erroneous in sentencing the defendant to imprisonment in the penitentiary.

The judgment must be reversed, and the cause is remanded, with directions to the court below to fix the punishment of the defendant by confinement in the county jail.

*Judgment reversed.*