## FORD . *v.* STATE.

### (*Knoxville.* November 2, 1898.)

1. ALIBI. *.Erroneous charge as to.*

   It is error for the Court to charge that defendant's failure to prove his defense of alibi is a circumstance against him, though not conclusive of his guilt. Such failure is not a circumstance against defendant where the evidence of alibi, though not conclusive, bears no special indication of being manufactured or fraudulent. (*Post, p. 456.*)

2. SAME. *Same.*

   It is error for the Court to charge that proof of alibi is of no value whatever, unless it covers the entire time of the transaction in question, and renders it impossible for defendant to have been at both places, since such proof may be of some value, although it does exclude the possibility of presence at the time and place of the offense. (*Post, pp. 456, 457.*)

   Case cited: 81 Ill., 565.

3. CHARGE OF COURT. *As to identity.*

   The Court should charge, without request, upon the question of identity raised by the evidence in a criminal case, where the sentence imposed is practically equivalent to a life sentence. (*Post, p. 457.*)

4. SAME. *Error as to jury being judges of the law.*

   A charge of the Court, that "the Court is the judge of the law, but the jury are the judges of the applicability of the law, as given them in charge, to the facts of the case," is erroneous in a criminal case where the law, in some other respects, was not accurately or sufficiently charged, and the Court can see that defendant may have been prejudiced thereby. (*Post, pp. 457–465.*)

   Constitution construed: Art. I., Sec. 19.

   Cases cited: Hannah *v.* State, 11 Lea, 201; Harris *v.* State, 7 Lea, 538; McGowan *v.* State, 9 Yer., 185; Dale *v.* State, 10 Yer., 550; Nelson *v.* State, 2 Swan, 481; Robertson *v.* State, 4 Lea, 425; Butler *v.* State, 7 Bax., 35.

Ford v. State.

5. SAME.   *Correct as to jury being judges of the law.*

The Court approves as correct a charge in these words, to wit: "The jury are the judges of the facts and the law as it applies to the facts. In making up their verdict they are to consider the law in connection with the facts, but the Court is the proper source from which they are to get the law. In other words, they are judges of the law, as well as the facts, under direction of the Court." (*Post, pp. 461, 462.*)

Cases cited and approved: Harris v. State, 7 Lea, 538; Dale v. State, 10 Yer., 550; Hannum v. State, 90 Tenn., 648.

Cited and overruled: Withers v. State, 3 Leg. Rep., 106; Deman v. State, 3 Leg. Rep., 184.

6. SAME.   *Same.*

The jury in a criminal case should not, under the Constitution, set up their own supposed knowledge of the law against that of the Court, whether they assume to have that knowledge of their own or to have acquired it from counsel in argument; but where there is no direction by the Court, or not a full direction, on points involved, they should not be limited to only such law as is given them by the Court, if there be yet other laws applicable to the case not contradictory to that thus given, which they may understand from the argument or know themselves. (*Post, pp. 457–460.*)

---

FROM   HAMILTON.

---

Appeal in error from the Circuit Court of Hamilton County. FLOYD ESTILL, J.

JOHN O. BENSON for Ford.

Attorney-general PICKLE for State.

SNODGRASS, C. J.   Indictment and conviction of rape, and sentence to twenty-one years in the pen-

itentiary. Appeal by defendant. The guilt of defendant depended on proof of his identity. The evidence on that subject was that of the little negro girl, upon whom the offense was alleged to have been committed by the negro Ford, plaintiff in error. There was no other evidence implicating him. She could not see him (the offense, if committed, being committed in the dark), but testified to his identity because of "the way he felt and changed his voice." The defendant testified that he was not guilty; was not, in fact, there, and offered other evidence of an alibi. The evidence of an alibi was not conclusive, but it bears no special indication of being manufactured, fraudulent, or fabricated. In this condition of the record the Court charged, among other things: "Where a defendant interposes the defense of an alibi, and fails to establish it, it is a circumstance against him, but is not conlcusive evidence of his guilt." This is error. It is not always a circumstance against a person charged with an offense that he merely fails to establish an alibi which he attempts to prove. 2 Am. & Eng. Enc. L. (new ed.), p. 59. The jury may look to it or not, according to the surroundings. 15 Lea, 694–696. A perfectly innocent man might make such an attempt in good faith, and fail, for lack of evidence, to establish it. It could only be a circumstance against him if it appeared to have been made in bad faith, manufactured, fabricated, or false. The Court further said: "Proof of an alibi should cover the

whole time of the transaction in question, for if it be possible that the prisoner could have been at both places, the proof of the alibi is of no value whatever." This is too strong. It need not exclude the absolute possibility of presence at the time and place of the offense, to be of some value. It can be admitted and considered for what it may be worth, if it renders it very improbable that defendant could have been present. This is the sound rule. 2 Am. & Eng. Enc. L. (new ed.); pp. 57, 58 and notes. See, specially, *Creed* v. *The People*, 81 Ill., 565. It can only be conclusive when, taken as true, it shows that there was no possibility of defendant's presence, where that is necessary. *Id.* The Court wholly omitted to give any special charge on the question of identity. There was no request, but the sentence is practically equivalent to a life sentence, and as it was the question in the case we think it should have been given.

The Court charged: "The jury are the exclusive judges of the testimony, and the credibility of the witnesses. The Court is the judge of the law, but the jury are the judges of the applicability of the law, as given them in charge, to the facts of the case." This is error. Const., Art I., Sec. 19.

We have nowhere gone so far as to say that in criminal cases the Court is the judge of the law. The constitutional declaration that the jury shall have the right to determine the law and facts, under the direction of the Court, in libel, as in other criminal

cases, has been uniformly held to make the Court not the judge of the law. Nor are the juries as broadly judges of the "applicability of the law" as is implied. If so, the Court could judge alone of the law applicable to a particular case, and give it to them, and they might determine it was not applicable at all. This would fritter away the constitutional provision and make it mean precisely what it does not. It is the duty of the Court to direct the jury what the law is, and it is the duty of the jury to apply it, under the direction of the Court, so far as he has directed, to the facts in evidence. They must treat it as applicable to the facts, and apply it as they determine the facts to be. The Court is a witness to them what the law is, and the jury should adjudge it to be as given them, but, if the jury adjudges what is given in charge to be law, they cannot adjudge it to be inapplicable. The Judge may not charge all the law. So far as he does charge anything to be law, or not to be, the jury should take his statements as law, but, at last, they have the right to judge of what is or is not law. They cannot properly disregard his instruction, and should take the law, as far as given by the Court, as the law of the case, and not assume to set up any knowledge of their own as against his. But it is true that in many cases the Court does not, and cannot in any reasonable limit, give all the law which is applicable to all the facts and phases of every criminal case, and the defendant

is in some way entitled to it. He may get the benefit of it by request, but that is not the only way, even if it were always practicable. Under our practice his counsel have the right to read and argue the law of his case to the jury. *Hannah* v. *State*, 11 Lea, 201. We can see no practical good that could result to him from this if the jury might not respond to it by considering and giving him the advantage of it. Of course we are not to be understood as meaning that, when the Court gives them the law on a particular proposition, they should not follow it. On the contrary, we think the law to be correctly settled that they should not set up their own supposed knowledge of the law against that of the Court, whether they assumed to have that knowledge of their own or to have acquired it from counsel in argument; but, where there is no direction by the Court, or not a full direction in points involved, they should not be limited to an application of only such law as is given them by the Court, if there be yet other, and not contradictory to that thus given, which they may understand from the argument or know for themselves.

On the general subject whether, and to what extent, the jury are the judges of the law, there has been in this State, as in others, much controversy and some confusion of decisions. For many years there was no question raised against the view that the jury were the exclusive judges of the law, under the direction of the Court, as of the facts

which he permitted to be proven. In an early day it was decided that a qualification of it as follows was made too strongly: "The Court was to be the judge of the law, and it is the duty of the jury to receive it as laid down and expounded by the Court, and that the jury were not the exclusive judges of the law." *McGowan* v. *State*, 9 Yer., 185–194. Following this, a charge of the Circuit Judge, that "the jury are the judges of the law as it applies to the facts. They are the exclusive judges of the facts, but, in making up their verdict, they are to consider the law in connection with the facts, but the Court is the proper source from which they are to get the law. In other words, they are the judges of the law, as well as the facts, under the direction of the Court," was held to be substantially correct. *Dale* v. *State*, 10 Yer., 550. Afterwards a charge was so held; and as containing no error of which a defendant could complain, couched in the following words: "The jury are not only the judges of the facts in the case, but they are the judges of the law. The Court is a witness to them of what the law is. After the Court has stated the law to them, then, if they believe it to be different, they can disregard the opinion of the Court." *Nelson* v. *State*, 2 Swan, 481. Yet, later, the Court said it was not error to charge that the jury could not arbitrarily disregard the instructions given them as to the law. *Robertson* v. *State*, 4 Lea, 425.

In some of these cases it was said the jury could determine the law differently from the Court, and it was said they should not do so. The power was conceded to be given them; the right to do so was practically denied. It serves no purpose to discuss these cases, or to attempt to harmonize them, or to harmonize the result of these views with the condition to which it brought the question between power and right. They make their own explanation, so far as any is to be made.

Thus stood the law (in some confusion, it must be admitted,) until 1881, when it again came before the Court, when, after much discussion of the subject, in which it was practically adjudged that juries are judges of the law "only under the direction of the Court," and have no right to disregard the law as given to them by the Court, are to receive the law from the Court, and are to judge the law as it applies to the facts, the Court held a charge of the Circuit Judge to be erroneous, in which he said: "The jury are the judges of the law. Should you conclude that the Court has not given you the law correctly, and should you conclude you know the law is otherwise than is given you by the Court, then you may pass upon the case as you know it." This Court then proceeded to lay down the correct rule, and, in that connection, indicated a proper form of charge therefrom deduced, as follows: A proper charge is, "The jury are the judges of the facts and the law as it applies to

the facts. In making up their verdict they are to consider the law in connection with the facts, but the Court is the proper source from which they are to get the law. In other words, they are judges of the law, as well as the facts, under the direction of the Court." *Harris* v. *State*, 7 Lea, 538. This was the charge, in its exact language, held to be substantially correct in *Dale* v. *State*, 10 Yer., 550.

It is observable that the Court says they are judges of the law "as it applies to the facts," not judges of the "applicability of the law" given them in charge, which is not by any means precisely of the same meaning, though elsewhere in the same opinion the Judge delivering it so uses them. "As it applies to the facts," merely means that the jury are to apply it to the facts they find. "To judge of the applicability" of the law would include the power, not only to judge and apply, but to judge whether or not it applied at all to the case, and would involve the right to disregard the whole charge as inapplicable. This was not intended. They are to decide the facts, and apply the law to this or that state of facts, as they may determine the result of the evidence establishing the facts they find.

In this case the Court assumes that "there had been opinions and dicta not in accord with the rule here laid down," and cites one case in accord—MS., Jackson (opinion by Judge Turney). Of these opinions and dicta, the Court says "they are over-

ruled." How many of them there were it is impossible to say. There were at least two then enrolled and published in the Legal Reporter— *Withers* v. *State*, 3 Leg. Rep., 106; *Derman* v. *State*, 3 Leg. Rep., 184. The first of these cases was a misdemeanor case. The Judge charged the jury: "You are the judges of the facts, but you are not the judges of the law. You must receive the law as charged to you by the Court, and find your verdict in accordance with the law so given. The rule is different in felony and misdemeanor cases. In the former you are judges of both the law and the facts, but in the latter of the facts only." This was held to be reversible error. The rule was the same, and was incorrectly given.

The opinion in this case was by Judge Turney. Judge Freeman, who subsequently delivered the opinion in the 7 Lea case, dissented, and vigorously combated the correctness of the rule in felony cases, and bitterly fought its extension. The second case approved the first, and again reiterated that it was reversible error to charge that juries must receive the law as given by the Court. These cases must, therefore, be considered as overruled, so far as they held, unqualifiedly, that juries are judges of the law, but not, of course, in extending or applying whatever rule exists in felony cases to misdemeanor cases. We note one other case, in which the Court held "that it does not constitute reversible error for the Court to charge that juries were judges of the law

as well as the evidence, and had the legal right to disregard the instructions of the Court." It is so correctly digested by the reporter. *Hannum* v. *State*, 6 Pick., 648. In so deciding, the language of Judge Lea was broader than the point involved. He said: " The charge is confessedly incorrect. The jury are not judges of the law, but must take the law as charged by the Court in criminal as well as civil cases." The Judge delivering this opinion was the reporter who wrote the headnotes for the 7 Lea case, in which it was stated that juries are not judges of the law, and he cites this case as authority. But we have already seen this case went to no such extent. It was too strongly digested in this respect in the headnote, and the error was repeated in the dictum of the 6 Pickle case, which escaped the observation of the Court.

What was, in fact, decided in the Hannum case, we have shown by quotation of the charge held erroneous, but not to contain reversible error, because it did not appear to have been, or that it might have been, injurious to defendant, repeating on this point also the holding in the 7 Lea case. It will thus be seen that we have no case going so far as to say, in the face of the constitutional provision, that juries are not judges of the law (in some form), however vague it may have been made as a rule in fact, and this Court will go no further. No other case changes or extends the rule laid down in the Harris case. It remains the law. But we

have seen that in the Hannum case and in the Harris case it was held that such an error is not reversible, it not appearing that defendant might have been prejudiced thereby. It was also so held in McGowan's case. The contrary holding in Wither's and Derman's cases has been overruled, as we have seen. It has also been held that mere failure to tell the. jury that they are judges of the law is not necessarily reversible error. It is worth noting here that Judge Nicholson, who delivered the opinion, regarded it as so well settled that they were so under the Constitution, that he said they would be presumed to know it. *Butler* v. *State*, 7 Bax., 35. The law, therefore, remains that where no injury could have resulted to defendant, it is not reversible error. Such a case is one where, whoever judged of the law, it was sufficiently and accurately charged, and as fully as should have been. We have seen in this case that the law was not accurately charged in one respect, and not sufficiently and fully charged in others. It follows, therefore, that the charge in this respect may have been prejudicial to defendant. It so appears to the Court, and hence also constitutes reversible error.

The judgment is therefore reversed, and the case remanded for a new trial.