THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM PROBST, Plaintiff in Error.

*Opinion filed December 15, 1908.*

1. CRIMINAL LAW—*when instruction as to defense of alibi is not erroneous.* An instruction stating that to render evidence of an *alibi* satisfactory it should cover the entire time of the transaction, so that it would have been impossible for the defendant to have committed the offense, is not erroneous.

2. SAME—*it is a reasonable doubt upon the entire case which will acquit.* In a criminal case it is a reasonable doubt upon the entire case which will authorize an acquittal, and not a reasonable doubt upon some particular fact in the case.

3. SAME—*when a conviction will not be set aside for refusal to grant new trial.* A judgment of conviction will not be set aside for refusal to grant a new trial because of newly discovered evidence unless diligence has been shown, particularly where such evidence is merely cumulative.

WRIT OF ERROR to the Circuit Court of Madison county; the Hon. B. R. BURROUGHS, Judge, presiding.

BROWN & GEERS, for plaintiff in error.

W. H. STEAD, Attorney General, and J. F. GILLHAM, State's Attorney, (JOEL C. FITCH, and F. E. SEBASTIAN, of counsel,) for the People.

Mr. JUSTICE HAND delivered the opinion of the court:

William Probst was indicted and convicted in the circuit court of Madison county of an assault with intent to commit rape upon Pearl Rider, a girl thirteen years of age, and sentenced to the penitentiary, and he has sued out a writ of error from this court to review said judgment of conviction.

The first contention urged as a ground for reversal is, that the verdict is not supported by the evidence. From the record it appears that plaintiff in error was twenty-seven years of age and Pearl Rider was thirteen years of age. Pearl Rider lived with her father, Samuel Rider, and her

two brothers, who were of the ages of five and two years, respectively, in the city of Edwardsville. The prosecutrix testified that on the evening of the twenty-third of March, 1908, her father was away from home; that shortly after seven o'clock on that evening the plaintiff in error came to the front gate of the lot upon which they lived and inquired of her little brothers where they kept the rabbits; that after talking to them a short time he passed around to the side of the lot, next to the railroad and jumped over the fence into their yard; that he then came around the north side of the house to where she was standing and caught her by the arm and around the waist and pushed or dragged her to the rear of the house; that he then threw her down and placed his hand under her clothing and made improper proposals to her; that she pulled his hair, kicked, called out, and threatened to tell her father, when he let her up; that on being released she ran into the kitchen; that he pursued her into the kitchen and again caught hold of her and repeated what he had done in the yard; that she did all she could to get away; that finally, without accomplishing his purpose, he left the house and went up-town. Two neighbor women by the name of Schumacher, who lived immediately across the street, testified they saw a man, shortly after seven o'clock on the evening in question, go past the house where Mr. Rider lived and stop near the gate leading to the poorhouse; that he shortly returned and they saw him in the Rider yard, near the front of the house; that he took hold of Pearl and pulled her around to the rear of the house; that they heard her holler and threaten to tell her father, and that the man then left the yard and hurried off up-town. And a witness by the name of Levora testified that on the evening in question, about the time the assault took place, he saw the plaintiff in error in the vicinity of the Rider home, going hurriedly in the direction of up-town. After the plaintiff in error was indicted he was arrested by a deputy sheriff. He asked the officer to permit

him to see his father. The officer went to his father's home with him, when the plaintiff in error escaped from the officer and fled to the State of Missouri. He was re-arrested in the city of St. Louis, and the deputy sheriff who made the arrest testified that on the way to Edwardsville, from St. Louis, the plaintiff in error said: "They can't stick me; I was on one side of the fence and the girl on the other; that is all those kids seen." The plaintiff in error filed his affidavit in support of a motion for a continuance, in which he stated that he was not at the Rider house on the night of the twenty-third of March, and that he was on that evening in the company of one Jerry Stubbs, and could establish by Stubbs, were he present, that the plaintiff in error was not at the Rider house that evening. On the trial he did not call Stubbs, but claimed he was mistaken as to the evening in which he was in company with Stubbs. The plaintiff in error, upon the trial, did not attempt to deny that Pearl Rider had been assaulted, but interposed the defense of an *alibi,* to establish which he called a number of witnesses, none of whom testified positively that they saw the plaintiff in error on the evening of the assault near the time when the assault took place, except one Jack Clark, who testified positively that he was with plaintiff in error, and fixed the date when he was in company with the plaintiff in error from the fact that he was suffering from a venereal disease and consulted a physician on the following morning. The prosecutrix knew the plaintiff in error, and he admitted that he was within two or three blocks of the Rider home on the evening of the assault, and she could not well have been mistaken as to his identity, and, corroborated as she was by other witnesses and facts and circumstances in evidence, the jury were clearly justified in finding the plaintiff in error guilty, and the judgment of conviction should be affirmed, unless, in the rulings of the court in the course of the trial and in passing upon instructions, there occurred errors which should work a reversal of the case.

It is next contended that the court erred in giving to the jury the People's ninth instruction, in this: that it assumed the age of the prosecutrix to have been under that of sixteen years. There was no such assumption in the instruction, and if there had been it would have been harmless, as there was no conflict in the evidence as to the age of the girl. She and her father both testified she was only thirteen years of age at the time of the trial, and their testimony was not contradicted.

It is also contended that the tenth instruction given on behalf of the People is erroneous, in this: that it informed the jury that to render evidence of an *alibi* satisfactory it should cover the entire time of the transaction, so that it would have been impossible for the defendant to have committed the offense. This instruction, as given, was in paragraphs. The first paragraph was given as a single instruction in *Briggs* v. *People*, 219 Ill. 330, and standing alone, as it did in that case, it was criticised. It was, however, held not to be reversible error. When the entire instruction is taken together, as it was given in this case, it stated the law correctly and could not have misled the jury. *Creed* v. *People*, 81 Ill. 565.

The plaintiff in error's offered instruction, the refusal of which is complained of, was subject to the criticism that it selected out of the case one question and gave that question undue prominence. A jury, in a case like this, should be instructed a reasonable doubt upon the entire case will acquit, and not a reasonable doubt upon some particular fact in the case. The court did not err in its ruling upon the instruction.

The plaintiff in error filed an affidavit in support of his motion for a new trial, in which he claimed to have found a new witness who would testify that the man who was seen in the vicinity of the Rider house on the evening of the assault was not the plaintiff in error. The witness resided within a few feet of where the assault occurred and

should have been discovered by the plaintiff in error prior to the trial. And the evidence was, at most, only cumulative. A judgment of conviction will not be set aside on the ground of newly discovered evidence unless diligence has been shown, and especially is this true where the evidence is only cumulative.

We have examined this record with care and are of the opinion a correct result was reached in the circuit court, and that the judgment of that court should be affirmed.

*Judgment affirmed.*