# Fred C. Roxburgh, Plaintiff in Error, v. James A. Roxburgh, Defendant in Error.

## Gen. No. 15,535.

1. HUSBAND AND WIFE—*when latter incompetent as witness.* After marriage a wife is incompetent to testify for her husband even as to a transaction which occurred before marriage.

2. MUNICIPAL COURT—*when judgment not reversed.* If substantial justice has been done a judgment of the Municipal Court will not be reversed even though an incompetent witness has been permitted to testify.

Error to the Municipal Court of Chicago; the Hon. ROBERT H. SCOTT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed May 31, 1911.

FRANK B. MURRAY and McGOORTY & POLLOCK, for plaintiff in error.

BOYLE, MOTT & HAIGHT, for defendant in error.

MR. JUSTICE CLARK delivered the opinion of the court.

Suit was brought by the plaintiff in error against his brother, the defendant in error, for labor performed. The record shows that in 1904 the plaintiff in error, Fred C. Roxburgh, and Arthur H. Roxburgh, assisted the defendant in error in building a house. At that time James was not married but expected to be, and it was suggested to him by the two brothers that he should build a house. The brothers testified that they offered to assist him and told him that he could pay them out of wages which he might earn afterwards. The defendant in error, on the other hand, testified that the two brothers were living with him during the summer of 1904, while the house was being constructed, and that he paid all of the household expenses except gas bills; that neither the plaintiff in error nor the brother Arthur H. Roxburgh was employed during the summer of 1904 except on the building of the house; that the plaintiff in error told him that business was quiet and that if he would build plaintiff in error would help him; that it was the least they could do for him; and that it was no more than one brother should do for another; that the plaintiff in error said that he did not expect to be paid for his services.

At the trial the wife of the defendant in error was permitted to testify. Her testimony was to the effect that she was present when the conversation occurred between the two

brothers; that it was before her marriage to the defendant in error, and she corroborates her husband in his statement of the substance of the conversation. The only ground upon which a reversal is asked is based upon the proposition that her testimony was incompetent. Defendant in error, on the other hand, insists that it was competent. This contention of the defendant in error is based upon the provisions of chapter 51 of the Revised Statutes, the first section of which reads as follows:

"That no person shall be disqualified as a witness in any civil action, suit or proceeding, except as hereinafter stated, by reason of his or her interest in the event thereof, as a party or otherwise," etc.,

and section 5, which reads:

"No husband or wife shall, by virtue of section 1 of this act, be rendered competent to testify for or against each other as to any transaction or conversation occurring during the marriage, whether called as a witness during the existence of the marriage, or after its dissolution, except in cases where the wife would, if unmarried, be plaintiff or defendant," etc.

In the case of Mitchinson v. Cross, 58 Ill. 366, it was held that the rule of law prohibiting a husband or wife from testifying either for or against the other's interest is based largely upon public policy, independent of interest, and should not be departed from even if the reason therefor in any particular case is not apparent.

Our attention is called by the defendant in error to the cases of Miller v. Redham, 94 Ill. 142, and Otis v. Spencer, 102 Ill. 622. The language used in these cases, particularly in the one last referred to, would seem at first glance to support the contention of the defendant in error, but reference to each of the cases will show that the subject-matter of litigation was the separate property of the wife, and the language used by the court was not necessary to a decision of the case. However, in the case of Fearn v. Postlethwaite, 240 Ill. 626, the court reaffirmed the doctrine expressed in

Mitchinson v. Cross, *supra,* and, as we read the decision, held that neither section 1 nor section 5 of chapter 51 removed the inhibition by which under the common law the wife was precluded from testifying in a suit for or against her husband, for reasons of public policy, and that this inhibition still exists except in those cases specifically set forth in said section 5. The case before us is not one that comes under the exceptions set forth in said section. In our opinion, therefore, the court below erred in admitting the testimony of Mrs. Roxburgh.

We next come to the question as to whether the judgment in this case should be reversed because of the error complained of. It is provided in subsection 7 of section 23 of the act creating the Municipal Court that:

"No order or judgment so sought to be reviewed shall be reversed unless the Supreme Court or Appellate Court, as the case may be, shall be satisfied from said statement or stenographic report, or reports, signed by said judge, that such order or judgment is contrary to the law and the evidence, or that such order or judgment resulted from substantial errors of said Municipal Court directly affecting the matters at issue between the parties, in which last mentioned case the Supreme Court or Appellate Court, as the case may be, may enter such order or judgment as, in its opinion, the Municipal Court ought to have entered, or it may reverse the said order of judgment and remand the case to the Municipal Court for further proceedings."

We have carefully read the record in this case, and have come to the conclusion that without the testimony of Mrs. Roxburgh the court below would have been justified in entering the judgment from which the appeal is taken. It appears uncontradicted that no claim was made by the plaintiff in error for compensation until nearly four years after the work had been done, and that then he and his brother Arthur endeavored to procure a loan of $200 from the defendant in error, which the defendant in error offered to make them provided they would give him a note for the amount loaned,

payable at such time as suited their convenience; that thereupon they demanded pay for doing work on the house in question. It also appears that the defendant in error during the four years was an engineer at a hotel in Chicago. He undoubtedly was in receipt of fair wages, and we think the fact that the plaintiff in error did not demand any portion of the pay for his services during these four years tended very strongly to corroborate the testimony of the defendant in error that there was no contract between the parties under and by which the plaintiff in error was to receive compensation.

*Affirmed.*