## Ray H. Scowden, Plaintiff in Error, v. G. Taphorn, Defendant in Error.

1. HUSBAND AND WIFE, § 280*—*when direction of verdict for de-fendant, sued for alienation, will be error.* Where the sole testimony of a husband who was plaintiff in a suit for the alienation of his wife, with all the reasonable inferences to be drawn therefrom, fairly tended to prove the allegations of his declaration, and where the evidence offered by defendant was purely contradictory excepting that as to the reputation of plaintiff's wife, it was error to direct a verdict for defendant at the close of all the evidence.

2. HUSBAND AND WIFE, § 280*—*when directed verdict for defend-ant, sued for alienation, will be set aside.* In an action to recover damages for the alienation of plaintiff's wife, a directed verdict for defendant was set aside, where plaintiff was the sole witness as to occurrences between defendant and plaintiff's wife, and where the evidence offered by defendant was purely contradictory of plaintiff's evidence, excepting that offered as to the wife's good character.

3. TRIAL, § 216*—*what court should determine on motion to direct verdict.* On motion to direct a verdict, the court should not weigh the evidence as it does on a motion for new trial, but should simply determine as to whether or not there is any evidence in the record fairly tending to prove the allegations of the declaration.

4. WITNESSES, § 31*—*when error to admit testimony of wife in action for alienation.* Under Hurd's Rev. St. ch. 51, sec. 5 (J. & A. ¶ 5522), relating to the competency of husband or wife as witnesses for one another, it was error to allow plaintiff's wife to testify over objection on behalf of defendant in the action in question for the alienation of plaintiff's wife.

Error to the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the March term, 1919. Reversed and remanded. Opinion filed June 6, 1919.

BURTON & BURTON and JAMES A. LYNN, for plaintiff in error.

JOHN F. McGINNIS, W. P. BOYNTON and B. J. O'NEILL, for defendant in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE BOGGS delivered the opinion of the court.

An action on the case was brought by plaintiff in error, hereafter called plaintiff, against defendant in error, hereafter called defendant, for the recovery of damages for the alleged alienation of plaintiff's wife. At the close of all the evidence, both for the plaintiff and defendant, the court on motion of defendant directed a verdict in his favor and rendered judgment thereon against plaintiff in bar of action and for costs. To reverse said judgment this writ of error is prosecuted.

The principal ground relied upon by plaintiff for a reversal of this case is that the court erred in directing a verdict for defendant. The evidence on the part of plaintiff is to the effect that plaintiff's wife, who had been receiving treatments from the defendant as her physician for a misplaced womb, went to the office of the defendant on Sunday afternoon in December, 1917. Plaintiff, who was an electrician, had left with his dinner box saying he was going to his work, but instead of doing so he went to the building in which defendant had his office and was in and around said building until along about 3 or 3:30 in the afternoon when his wife arrived, going to the office of the defendant. Plaintiff's wife remained in the reception room of the defendant for a short time, and then with defendant passed into what is known as room 8, used by the defendant as his library. Plaintiff testified he was in the hallway and saw them pass to this room and that he listened at the door and that he heard defendant and his wife talking and that he heard kissing and deep breathing and movements. He further testified that he heard defendant ask plaintiff's wife if it felt good, or words to that effect, and that she replied that it did; that he, the plaintiff, then broke open the door and found the defendant and his wife in the room, his wife lying on the floor on

defendant's overcoat; that they were both practically undressed, with the exception of their underwear, and that the doctor was over plaintiff's wife at the time plaintiff came into the room. Except for the conversation that took place between plaintiff and defendant when plaintiff came into said room, which is not necessary for us to go into for a determination of the errors assigned, and evidence to the effect that plaintiff ceased living with his wife after the time in question, the foregoing in effect was the evidence offered on behalf of the plaintiff.

No motion was made at the close of plaintiff's evidence for a directed verdict, but defendant went on and offered testimony to the effect that he was simply giving plaintiff's wife treatment and that he was not guilty of any improper relations with her. Defendant also offered evidence to the effect that plaintiff's wife, prior to the time in question, had always borne a good reputation for chastity in that community.

Plaintiff's wife testified on behalf of defendant over the objections of plaintiff to the effect that never, either on the day in question or at any other time, had she had improper relations with the defendant, and never had had sexual intercourse with him at any time. At the close of defendant's evidence a motion for a directed verdict for defendant was sustained by the court and a verdict and judgment were rendered as above set forth.

The only question to be determined on the record in this case, on the assignment of error with reference to the directing of the verdict, is, as to whether the evidence offered by plaintiff, with all the reasonable inferences to be drawn therefrom, fairly tended to prove the allegations of his declaration. If it does, then the court erred in directing a verdict.

While conceding the above statement of the law to be correct, and while further conceding that evidence

offered by defendant, which is purely contradictory of plaintiff's evidence, is not to be considered in determining the question of whether the evidence supports the averments of the declaration, still it is contended by defendant's counsel that if there is affirmative evidence, or evidence of an affirmative defense, offered by the defendant, that this may be considered on a motion at the close of all of the evidence for a directed verdict on the part of the defendant. Whether or not the contention of the defendant with reference to an affirmative defense being so considered on a motion for a directed verdict at the close of all the evidence is correct, we do not think in this case that that question arises. The evidence offered on behalf of the defendant was merely contradictory or conflicting with the evidence offered on behalf of the plaintiff, except the evidence offered by defendant as to the good character of plaintiff's wife. It is therefore only necessary for the court to determine as to whether or not plaintiff's evidence, with all reasonable inferences to be drawn therefrom, fairly tended to prove his case. We think that it did, and hold that the court erred in directing a verdict for the defendant. *Joliet R. Co. v. McPherson,* 193 Ill. 630; *Balsewicz v. Chicago, B. & Q. R. Co.,* 240 Ill. 238-244.

The court on a motion to direct a verdict should not weigh the evidence as it does on a motion for a new trial, but should simply determine as to whether or not there is any evidence in the record fairly tending to prove the allegations of plaintiff's declaration. *Woodman v. Illinois Trust & Savings Bank,* 211 Ill. 578.

It is also contended by plaintiff that the court erred in allowing plaintiff's wife to testify on behalf of the defendant over objection. We are of the opinion and so hold that the court erred in this ruling. Plaintiff's wife is not a competent witness in this behalf

either on the part of the defendant or on the part of the plaintiff. Section 5, ch. 51, Hurd's Rev. St. (J. & A. ¶ 5522), provides among other things: "No husband or wife shall, by virtue of section 1 of this act, be rendered competent to testify for or against each other as to any transaction or conversation occurring during their marriage, whether called as a witness during the existence of the marriage, or after its dissolution, except in cases where the wife would, if unmarried, be plaintiff or defendant, or where the cause of action grows out of a personal wrong or injury done by one to the other or grows out of the neglect of the husband to furnish the wife with a suitable support; and except in cases where the litigation shall be concerning the separate property of the wife, and suits for divorce; and except also in actions upon policies of insurance of property, so far as relates to the amount and value of the property alleged to be injured or destroyed, * * * and value thereof, or in all matters of business transactions where the transaction was had and conducted by such married woman as the agent of her husband."

This section of the statute specifically holds that the husband or the wife shall not be rendered competent to testify for or against each other as to any transaction or conversation occurring during the marital life, except in the specific instances mentioned in that section of the statute, under none of which exceptions does plaintiff's wife come. *Mitchinson v. Cross,* 58 Ill. 366; *Groom v. Parables,* 28 Ill. App. 153.

For the reasons above set forth the judgment of the trial court will be reversed and said cause will be remanded.

*Reversed and remanded.*