THE STATE *v.* EUGENE VINCENT.*

(*Nashville.* December Term, 1922.)

CRIMINAL LAW. State held to have no right of appeal from acquittal in felony case.

Where one accused of felony was acquitted under a directed verdict, the State could not appeal nor raise the question as to the propriety of such action by the court, in view of Shannon's Code. section 7219, providing that the State has no right of appeal or other remedy for the correction of errors, upon a judgment of acquittal in a criminal case of any grade, and of Constitution article 1, section 10, providing that no person shall, for the same offense, be twice put in jeopardy of life or limb.

Cases cited and approved: France v. U. S., 164 U. S., 676; State v. Sullivan, 34 Idaho, 68; State v. Wright, 20 N. D., 216; Ford v. State, 101 Tenn., 454.

Code cited and construed: Section 5244 (1858); Section 7219 (S.).

Constitution cited and construed: Art. 1, Sec. 10.

---

FROM DAVIDSON.

---

Appeal from the Criminal Court of Davidson County.— HON. FRANK M. GARARD, Judge.

WM. H. SWIGGART, JR., Assistant Attorney-General, for the State.

LURTON GOODPASTURE and HENRY GOODPASTURE, for appellee.

---

*The question of the right of the state to appeal in a criminal case is discussed in notes in 19 L. R. A., 342 and L. R. A. 1915F, 1093.

MR. JUSTICE MALONE, Special Judge, delivered the opinion of the Court.

This is a very unusual case, in that the State has attempted to appeal after a verdict of acquittal.

At the close of the State's evidence in chief, in a felony case, the trial judge felt constrained to direct the jury to return a verdict of "not guilty." This was done, and the following minute entry was made:

"Came the attorney-general who prosecutes for the State, and the defendant in person, also the jury heretofore impaneled in this case, who were on yesterday respited from the further consideration of the same until the meeting of court to-day, came here into open court in charge of the sworn officers in whose charge they were placed on yesterday, and renewed the consideration of the cause on trial, and they having heard the remainder of the State's proof, the court of its own motion instructed the jury to return a verdict of 'not guilty.' Whereupon the jury returned a verdict of 'not guilty' against the defendant.

"To the action of the court in directing the jury to return a verdict of not guilty for the defendant in this case the attorney-general for the State of Tennessee excepts."

The State then made a motion for a new trial, because the verdict of the jury entered for the defendant was not the verdict of the entire jury trying the case, as shown by the affidavit of one of the jurors exhibited with the motion. This juror says in his affidavit that he had listened carefully to the State's proof, and was of the opinion that the defendant was guilty; that when the state had rested its case in chief, the jury retired at the request of defend-

ant's counsel, and they knew nothing of what occurred in their absence; that when they resumed their seats, the trial judge told them that under the law the evidence offered by the State was not sufficient to convict the defendant, and over the protest of the attorney-general the jury, by direction of the court, were ordered to return a verdict of "not guilty;" that being convinced beyond a reasonable doubt of defendant's guilt, the affiant did not consent to this verdict, and when the court put the usual question, "So say you all, gentlemen," he carefully refrained from nodding his head, or otherwise indicating assent.

Three other jurors made affidavit that no part of the jury made any protest by word of mouth, gesture, sign, or in any other manner conveyed any indication that they were not in full accord with the instructions given by the court.

The trial judge filed a statement in the case, in which he says that at the conclusion of the State's testimony defendant's attorneys requested the jury to retire from the courtroom, and in their absence made a motion to direct a verdict for the defendant. The statement then continues:

"The court was of the opinion, and so stated, that within the law, a case had not been made out, but further stated that facts might be brought out, in cross-examination of the defendant and his witnesses, that would make out a case, whereupon the attorney-general stated that if the court was of that opinion, there was no need of going any further with the case."

He says that he then directed a verdict with the usual question, "So say you all," and that no protest of any kind, or expression of disapproval, came from any juror.

It was further insisted, on behalf of the defendant, that to grant the State's motion and retry the case would violate his constitutional rights under article 1, section 10, of the Constitution of Tennessee, providing "that no person shall, for the same offense, be twice put in jeopardy of life or limb."

The State's motion for a new trial, and also a motion in arrest of judgment, having been overruled, it has appealed to this court.

The learned assistant attorney-general has filed a brief, in which he argues that it is erroneous for a trial judge to so direct a verdict in this State; that in criminal cases the jury and not the judge are the final arbiters of the law, and it is the function of the jury to pass both on the law and on the facts of the case.

It is further argued that reasons of public policy should restrain the court from holding that a trial judge may direct a verdict of "not guilty" in a criminal case; that if such action is erroneously taken in a civil case, the error may be corrected on appeal, whereas in a criminal case no such remedy is available.

Pursuing the logic of the last contention, it is with customary and commendable frankness admitted in the brief that after a verdict and judgment of acquittal the State has no method of correcting errors, and that to remand the case for a new trial would put the defendant twice in jeopardy.

There is a great diversity of opinion as to the right of a trial judge to direct a verdict of acquittal in a criminal case. The United States supreme court has held that this was proper practice, and that the failure to direct a verdict upon motion could be reviewed by the defendant on ap-

peal. *France* v. *U. S.,* 164 U. S., 676, 680-681, 17 Sup. Ct., 219, 221, 41 L. Ed., 595.

In that case, which was an indictment for transporting lottery tickets, each of the defendants, "after the evidence was all in," requested the court to charge the jury that the United States had failed to make out a case against him—which the trial court refused to do. The United States supreme court, speaking through Mr. Justice PECKHAM, said:

"When proper and legal evidence has been given on the part of the government in a criminal trial, which if believed is sufficient in law to make out a crime and to sustain a conviction of the person on trial, a request to the court to direct the jury to acquit must be refused, and an exception to such refusal raises no question of law, even though the evidence on the part of the defendant is much stronger and more satisfactory than that for the government. The question under such circumstances is one for the jury and not for the court. In the view we take of this case, however, the request did not depend upon the credibility of witnesses or upon the weight to be given to the evidence in the case. We assume the truth of all the evidence given on the part of the government with all proper inferences which may be drawn from it, but we do not think that such evidence brought plaintiffs in error within the provisions of the statute in regard to lotteries above set forth. Therefore a motion to direct an acquittal raised a question of law, and an exception to the denial of the motion is properly reviewable here."

A multitude of federal cases have announced the same principle, and among the State courts the weight of authority seems to support the same rule. See the full discus-

sion in the case note to *State* v. *Sullivan* (June, 1921), 34 Idaho, 68, 199 Pac., 647, as reported in 17 A. L. R., 902, 910.

See, also, the note to *State* v. *Wright,* 20 N. D., 216 (1910) 126 N. W., 1023, as reported in Ann. Cas., 1921C, 795, 799.

Whether all of the States so holding follow the rule prevailing in this State, that the jury are in criminal cases judges of the law as well as of the facts (as explained in *Ford* v. *State,* 101 Tenn., 454, 47 S. W., 703), need not be discussed; nor do we wish to be understood as passing upon the question of the right of the judge to direct a verdict in a criminal case—for it does not arise upon this record.

It is obvious that the State cannot raise such a question here.

Shannon's Compilation of Tennessee Statutes, section 7219 (Code of 1858, section 5244), provides:

"The State has no right of appeal or other remedy for the correction of errors, upon a judgment of acquittal in a criminal case of any grade."

Apart from the constitutional provision already mentioned, this statute precludes the State from attempting to assign errors in this court after an acquittal below.

The defendant, by his counsel, moves to dismiss the appeal, and this motion is granted.

Appeal dismissed.