Roy Dykes

*v.*

State of Tennessee

(*Knoxville,* September Term, 1956.)

Opinion filed December 7, 1956.

Lewis B. Merryman, Jr., Elizabethton, for plaintiff in error.

Nat Tipton, Advocate General, for the State.

MR. JUSTICE BURNETT delivered the opinion of the Court.

The plaintiff in error was indicted along with his brother, who did not appeal. The conviction of the plaintiff in error was for burglary in the third degree and his sentence was fixed at the maximum of three years and one day in the State Penitentiary. This indictment and conviction was under Section 39-904, T.C.A. as found in the accumulative supplement thereof and reads thus:

"Burglary in the third degree is the breaking and entering into a business house, outhouse, *or any other house of another,* other than dwellinghouse, with the intent to commit a felony. Every person convicted of this crime shall be imprisoned in the penitentiary for not less than three (3) years nor more than ten (10) years." Emphasis ours.

When we read the record we find that the plaintiff in error and his brother were indicted for breaking and entering early in June, 1956, a Church in Carter County wherein they stole a communion set, silver and various other articles. Shortly after this theft the plaintiff in error and his brother were discovered in an automobile

in an adjoining County and they were both drunk. Apparently this automobile had slipped off of the road and the officers seeing them in this condition investigated and found a motor in the back seat and then looked in the trunk of the car and found these things which were taken from the Church. The plaintiff in error was then taken to jail in Carter County where he signed a confession that he and his brother had taken these things from this Church. Prior to signing this confession he orally admitted to one or more of the officers that this had been done.

The plaintiff in error did not testify but the brother who did not appeal, did testify. In this testimony the brother who did testify undertook to assume all the responsibility for this crime and testified that at the time the crime was committed the plaintiff in error was in his automobile asleep and drunk.

It is insisted that the trial court erred in charging the jury in part as follows:

"You, Ladies and Gentlemen, are the sole judges of the evidence and the weight to be given to the swearing of each and every witness in the case, but the law you will take as given you by the Court."

This Court in *Ford v. State,* 101 Tenn. 454, 47 S.W. 703, held that the trial judge erred in a criminal case when he charged the jury that the court is the judge of the law. The only case that we can find, or have been cited to, by this Court subsequent to the Ford case is the case of *Stroud v. State,* 159 Tenn. 263, 17 S.W.2d 899, 901, wherein this Court said:

"The trial judge failed to instruct the jury that they were the judges of the law as well as of the facts, and

a special request was tendered for an instruction in this regard. We cannot conceive of any prejudice resulting to the plaintiff in error from this omission, in view of the absence of any reasonable controversy as to his guilt or as to the merits of the prosecution. *Ford v. State,* 101 Tenn. 454, 47 S.W. 703.''

There is no dispute in that case, the facts merely came upon a question of whether or not the search warrant was sufficient and things of that kind, that certain liquor was found in the car of the plaintiff. The Court said it was free from debate. The question of whether or not the Harmless Error Statute applied in the Stroud case was not discussed by the Court there.

The plaintiff in error here though says that the Harmless Error Statute, Section 27-117, does not save this error because it invades a constitutional right of the accused. Our cases on this subject without exception so hold, that is, that where the constitutional right of the accused is invaded the Harmless Error Statute will not save the error.

Beginning with the case of *Hamblin v. State,* 1912, 126 Tenn. 394, 150 S.W. 89, this Court held that in criminal cases effect must be given this statute, 27-117, T.C.A., unless it invades some constitutional right of the accused. Following this case is the case of *Vinson v. State,* 140 Tenn. 70, 203 S.W. 338, 339, wherein Chief Justice Green said:

"It is urged here that this error was not prejudicial to the defendant, and that under the act of 1911 (Laws 1911, c. 32) [this is Section 27-117, T.C.A.], there should be no reversal of the case. We cannot agree to this contention. The error committed immediately

touched constitutional rights of the defendant, and he is therefore entitled to a new trial.''

This Court then again a few years later in *Munson v. State,* 1919, 141 Tenn. 522, 213 S.W. 916, held to the same effect. Also in *Johnson v. State,* 1925, 152 Tenn. 184, 274 S.W. 12; *Upchurch v. State,* 153 Tenn. 198, 281 S.W. 462, and in *Watson v. State,* 166 Tenn. 400, 61 S.W.2d 476, wherein again this Court held that the statute precluding reversal for non-prejudicial error, 27-117, T.C.A., is inapplicable to a jury's misconduct in viewing the scene of the crime and hearing testimony there since this violated the accused's constitutional rights.

As far as we can find all cases that have been reported have held, where the question was raised, that when the constitutional right of the accused was violated then that the Harmless Error Statute did not save the case.

The constitutional question here involved comes from Article 1, Sec. 19 of the Constitution of Tennessee. This section insofar as here applicable provides:

''But in prosecutions for the publication of papers investigating the official conduct of officers, or men in public capacity, the truth thereof may be given in evidence; and in all indictments for libel, the jury shall have a right to determine the law and the facts, under the direction of the court, as in other criminal cases.''

It was under this constitutional provision that this Court in *Ford v. State, supra* [101 Tenn. 454, 47 S.W. 705], held that it was necessary to charge a jury in a criminal case that:

''The jury are the judges of the facts, and the law as it applies to the facts. In making up their verdict they are to consider the law in connection with the

facts, but the court is the proper source from which they are to get the law. In other words, they are judges of the law as well as the facts, under the direction of the court.' ''

This constitutional provision and the history thereof is well annotated in an excellent note thereof found in Ann.Cas., Vol. 38, for 1915D, at page 1261 thereof and particularly on page 1263, where the annotator says:

"It has been held generally that a provision of the kind under consideration is in the main declaratory of the common law. Its primary object is not to extend the province of the jury by investing them with the power of the court but rather to prevent the court from invading the province of a jury.'' Citing cases from many States in the Union, England and the United States as well as Tennessee cases, including the Ford case.

Immediately preceding the above quoted statement will be found two pages giving the history of the purpose of such a constitutional or statutory provision in our laws.

■ For the reasons here stated, that is, because the error here committed was an invasion of the constitutional right of the accused, the case must be reversed and remanded for a new trial. It is for this reason that we make no comment on the facts or other errors assigned herein.