TENNESSEE GAS TRANSMISSION Co. *v.* VINEYARD *et ux.*

(*Nashville,* December Term, 1949.)

Opinion filed August 31, 1950.

CLAUDE B. STEPHENSON, of Centerville, ARMISTEAD, WALLER, DAVIS & LANSDEN, of Nashville, for plaintiff in error.

JAMES R. BROWN, of Centerville, for defendants in error.

MR. JUSTICE GAILOR delivered the the opinion of the Court.

This is a condemnation proceeding in which the Tennessee Gas Transmission Company acquired a right-of-way for its pipeline through 5 6/10 acres of land belonging to the defendants Vineyard and wife. The jury of view allowed defendants $3,250—$500 for the value of the property taken, and $2,750 as incidental damages. On exception and appeal by the Company, the case was tried before the Circuit Judge and a jury in the usual way. This trial resulted in a total verdict of $2,400,—$500 for the property taken, and $1,900 for incidental damages. This verdict of the jury was received, in the absence of the Circuit Judge, by a member of the Hickman County Bar. Later, in its motion for a new trial, the Transmission Company assigned this irregularity as error. The motion for new trial was overruled; the Transmission Company perfected an appeal to the Court of Appeals, and that Court finding itself bound by our decision in *Brown* v. *State,* 186 Tenn. 378, 210 S. W. (2d) 670, affirmed the judgment.

The Transmission Company has filed petition for certiorari, which we granted, and the sole question pre-

sented is whether the verdict in a civil case, received by a member of the Bar, in the absence of the Trial Judge, who heard the case, was void since it omitted an indispensable requisite of constitutional trial by jury, Constitution Art. I. Section 6; *Woods* v. *State,* 130 Tenn. 100, 106, 169 S. W. 558, L. R. A. 1915F, 531, so that reversal is necessary in spite of Code Section 10654. *Munson* v. *State,* 141 Tenn. 522, 213 S. W. 916.

The facts were as follows: The HONORABLE DOUGLAS T. BATES of the Centerville Bar, at the request of JUDGE WALLACE SMITH, the regular Circuit Judge who had presided at the trial, announced that Judge Smith was unavoidably detained, and that he (Bates), at the request of Judge Smith, would receive the verdict. Thereupon the Transmission Company objected to this and made a motion for a mistrial. Mr. Bates overruled this motion, and ordered that the jury be brought into the courtroom to return its verdict. This was done and the jury then returned their verdict and was polled by Mr. Bates, who received the verdict. This situation is essentially different from any that we have been able to find, either in our own reported cases, or in those of other jurisdictions which have come to our attention.

Mr. Bates, though a member of the Bar, was without any color of judicial authority whatever, and when he announced that he would receive the jury's verdict, counsel for the Transmission Company made immediate objection and moved a mistrial.

These facts clearly distinguish this case from *Brown* v. *State,* supra, where, when the Judge who had heard the case, announced that another Judge would receive the verdict, defense counsel apparently agreed to the irregularity by remaining silent, and so waived his right to an exception. *Brown* v. *State,* supra, 186 Tenn., at

page 391, 210 S. W. (2d) 670. In the case of *State* v. *Ridout,* 161 Tenn. 248, 30 S. W. (2d) 255, 257, 71 A. L. R. 830, a member of the Bar was held to be a ''judge de facto'' because of his election as Special Judge at a prior term, but to the writer of this opinion, JUDGE COOK's dissent is the safer expression of law and much of it is applicable to the case before us here, for example: ''No consideration of public policy would justify the conclusion that a member of the bar or other person by merely assuming the judge's position could clothe himself with the power of a judge . . .'' 161 Tenn, at page 278, 30 S. W. (2d) at page 264.

''Mere assumption of power cannot give color to an unauthorized judicial act upon grounds of public policy from which the de facto theory arises. Mere claim to be a judge does not constitute one a de facto judge. There must be some claim of right to the office, or else performance of its duties so long acquiesced in by the public as to raise a presumption of colorable right. *Hamlin* v. *Kassafer,* 15 Or. 456, 15 P. 778, 3 Am. St. Rep. 176; *Wilcox* v. *Smith,* 5 Wend. (N. Y.) 231, 21 Am. Dec. 213; *Hildreth* v. *McIntire,* 1 J. J. Marsh. (Ky.) 206, 19 Am. Dec. 63.'' 161 Tenn. at page 288, 30 S. W. (2d) at page 267.

Though we sympathize with Mr. Bates in the embarrassing position in which he was placed in following the instruction of Judge Smith, we conclude that his receipt of the jury's verdict over the objection of counsel for the Transmission Company, being without any color of judicial authority, was a nullity and void. In the absence of statute or stipulation, even in civil cases, receipt of the jury's verdict by anyone other than the Judge who tried the case is a nullity. 53 Am. Jur., Trial,

Section 1021, p. 707; 64 C. J., p. 1057, and numerous cases there cited, to support the rule.

Reversed and remanded.

All concur.