Isham Poe

*v.*

State of Tennessee.

370 S. W. 2d 488.

(*Nashville,* December Term, 1962.)

Opinion filed September 11, 1963.

W. R. FAIN, JR., Clarksville, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, THOMAS E. Fox, Assistant Attorney General, Nashville, for the State.

MR. JUSTICE FELTS delivered the opinion of the Court.

Plaintiff in error, referred to as defendant, was indicted for an assault and battery with intent to commit rape upon Edna Patricia Anderson (T.C.A. sec. 39-605). He was found guilty and his punishment fixed by the jury at not more than 15 years in the penitentiary, and judgment entered accordingly.

He appealed in error and has assigned a number of errors, among others, that the Trial Judge committed reversible error in failing to instruct the jury upon the issue of alibi raised by the evidence and essential to his defense.

As we view the case, we need consider only this assignment or error, and should not discuss the evidence or comment upon the facts further than to show the importance and effect of the omission or error complained of by this assignment.

The prosecutrix, Edna Patricia Anderson, was a 20-year-old Negro woman, married, and living with her husband and their 8-month-old baby in Clarksville, Tennessee, in a three-bedroom house that they rented from defendant, a 33-year-old Negro man.

She testified that the assault occurred between midnight and 5 A.M. August 4, 1961; that her husband was then on duty at Fort Campbell, Kentucky, and she was in her room in bed with her baby; that defendant entered her bedroom, tried to rape her, a struggle ensued, he was unsuccessful, and finally left without further harm to her. It appears, however, this struggle did not wake the baby and was not heard by the baby-sitter and her boy friend in the adjoining bedroom.

The husband of the prosecutrix testified that he talked with defendant some time after his arrest upon this charge; that defendant then confessed he had committed the assault; and that this confession was made in the presence and hearing of Laura Jackson, defendant's common-law wife. This, however, was contradicted by both of them—she denied hearing, and he denied making, such a statement.

Evidence for defendant set up an alibi. He had never been arrested before. He testified that at the time of the alleged crime he was not at the house of the prosecutrix, but stayed and slept at the house of Laura Jackson all night, and that he knew nothing of the alleged crime until he was aroused from his sleep next morning by the Military Police, who later arrested him. His claim of alibi was corroborated by Laura Jackson and another witness.

In addition to the evidence of alibi, defendant undertook to impeach the testimony of the prosecutrix by the

testimony of the unmarried couple, Sergeant Burrell and his girl friend, Caroland Ramey, the prosecutrix's baby-sitter, who occupied a bedroom next to that of the prosecutrix on the night in question. Each of these witnesses contradicted much of her testimony, particularly, the part about the struggle.

■ The Trial Judge charged the jury upon the subject of reasonable doubt, but failed to give them any instruction on the issue of alibi. While there was no special request for such instruction, we think, in the circumstances of this case, that it was the duty of the Trial Judge, without any request, to give the jury proper instructions which would fairly submit to them this issue of defendant's alibi. It was fundamental to his defense and such instruction was essential to a fair trial.

■■ The general principle in criminal cases is that there is a duty upon the Trial Judge to give the jury a complete charge on the law applicable to the facts of the case. The defendant has a right to have every issue of fact raised by the evidence and material to his defense submitted to the jury upon proper instructions by the Judge. *Crawford v. State,* 44 Tenn. 190, 194-195; *Green v. State,* 154 Tenn. 26, 39, 285 S.W. 554; *Myers v State,* 185 Tenn. 264, 206 S.W.2d 30; *Harbison v. Briggs Paint Co.,* 209 Tenn. 534, 549, 354 S.W.2d 464.

We have numerous cases illustrating the application of this principle, where it was held reversible error for the Trial Judge, even without a special request, to fail or omit to give the jury appropriate instructions upon an issue of fact presented by the evidence and fundamental to the accused's defense. We refer to a few of them.

In *Crawford v. State,* supra, a homicide case, defendant had made a statement in which he admitted he was one of the company of soldiers charged with the crime, but denied that he was present at the time or took any part in the homicide. The Trial Judge charged the jury they might consider whether the incriminating part of this statement constituted a confession, but failed to charge them that they must also look to the exonerating part, and that both parts should be considered together. Reversing for this error, the Court said:

"It is not enough, in criminal cases involving the life and liberty of the accused, that the law of the case be partially stated. The accused is entitled, in such cases, to such a charge as the facts of the case require, and nothing short of that will satisfy the demands of justice: *Allen v. The State,* 5 Yer., 453-456; *Nelson v. The State,* 2 Swan, 482; 9 Hum., 411."

In *Frazier v. State,* 117 Tenn. 430, 100 S.W. 94, a trial for murder where the defense was self-defense, the failure of the Trial Judge to charge the jury upon the subject of reasonable doubt was held reversible error, though there was no request for such instruction. There, the Court said:

"The plaintiffs in error were entitled, and it was the duty of the trial judge, to charge the jury in clear and unmistakable terms, without any request, that in order to convict they must be satisfied of the guilt of the defendants beyond a reasonable doubt, and that this doubt extended to and included every element necessary to constitute the offense of which the jury, if they should convict, should find the defendants guilty, and the verity of the affirmative defense, if any, relied upon

by the defendants. The right of every defendant tried for a criminal offense to have this instruction given to the jury trying him is firmly and irrevocably fixed in our jurisprudence and cannot be denied him." 117 Tenn. 455, 100 S.W. 100.

In *Pearson v. State,* 144 Tenn. 385, 226 S.W. 538, where a dying declaration was admitted against defendant, it was held reversible error for the Trial Judge to fail to give the jury any instructions upon the weight to be given such declaration, though there was no request for such instructions. The Court said:

"We cannot overlook the very great importance in securing to one charged with homicide a fair and legal trial by his peers, of having the jury given the rules by which they are to weigh evidence which is calculated by its very nature, as a dying declaration is, to be given weight out of all proportion to its evidential value, when properly considered by the rules applicable thereto." 143 Tenn. 397, 226 S.W. 541.

In *Webb v. State,* 140 Tenn. 205, 206-207, 203 S.W. 955, 15 A.L.R. 1034, a trial for murder, where the only incriminating evidence was circumstantial, the failure of the Trial Judge to instruct upon the nature of circumstantial evidence and the law governing it, was held an error so fundamental as to require a reversal, though there was no request for such instruction.

It was said that such error was analogous to the error of failing to charge upon reasonable doubt, citing *Frazier v. State,* supra; but that a charge upon reasonable doubt does not supersede the necessity for giving instructions applicable to circumstantial evidence. This holding has been approved by this Court in a number of cases. *Bishop*

*v. State,* 199 Tenn. 428, 287 S.W.2d 49, 52; see *Pearson v. State,* supra, 153 Tenn. 397, 226 S.W. 541; *Kyle v. State,* 208 Tenn. 170, 176, 344 S.W.2d 537, 539.

In *Ford v. State,* 101 Tenn. 454, 47 S.W. 703, a conviction for rape, the evidence raised issues as to the identity of the accused and as to an alibi. There was an erroneous instruction on alibi, but no instruction on the issue of identity. For these errors there was a reversal. As to the Trial Judge's omission to charge on identity, the Court said:

"The Court wholly omitted to give any special charge on the question of identity. There was no request, but the sentence is practically equivalent to a life sentence, and, as it was the question in the case, we think it should have been given." 101 Tenn. 457, 47 S.W. 704.

We have a number of cases holding that where the evidence raises the issue of an alibi, it is the duty of the Trial Judge to give proper instructions on that issue, and that when he fails to give such an instruction, or gives an erroneous one, it is reversible error. *Davis v. State,* 64 Tenn. 612; *Wiley v. State,* 64 Tenn. 662; *Legere v. State,* 111 Tenn. 368, 377, 77 S.W. 1059; *Odeneal v. State,* 128 Tenn. 60, 64, 157 S.W. 419.

In *Davis v. State,* supra, this Court said:

"We have repeatedly held that when the proof fairly raises the defense of an alibi, *the jury should be instructed* that [if] this proof, in connection with the other proof in the cause, raises a reasonable doubt as to whether the accused was at the place of the homicide or at a different place, the defendant should be acquit-

ted. This is a sound rule, and [such instruction] ought to be given to the jury in direct and unequivocal language."

We think such instruction ought to have been given in the case before us. It was a close case on the facts, and an alibi was practically the only defense. Such an instruction on this issue was as fundamental and as necessary to a fair trial in this case as were the instructions on the issues in the cases above cited; identity, reasonable doubt, circumstantial evidence, and dying declaration.

We think this case is governed by the principle applied in those cases where it was held the duty of the Trial Judge, without request, to give the jury proper instructions upon issues fundamental to the defense and essential to a fair trial, such as identity, reasonable doubt, dying declaration, and circumstantial evidence where it is the only incriminating evidence.

We are not unmindful of the conflict of authority in other jurisdictions, some cases holding there is no duty on the Trial Judge, without a special request, to instruct the jury on the subject of alibi and other cases holding there is such duty. See cases collated in the Annotation, 118 A.L.R. 1303, 1309. But, since these cases turn largely upon the procedural law of their respective jurisdictions, which differs in different states, they are not controlling or very persuasive as to what should be the rule in this State.

We think this case is controlled by the principle applied in our cases above cited, and that this principle, long established in our jurisprudence, is sound and should be followed.

Also this case, like those, does not fall within the rule that there will be no reversal for mere meagerness in the charge, unless there is a request for additional instructions. That rule presupposes that the charge covered the essential and fundamental points in the case, and was correct as far as it went, but was merely meager or lacking in fullness of explanation. *Citizens' Street Railway Co. v. Burke,* 98 Tenn. 650, 40 S.W. 1085; *Green v. State,* supra, 154 Tenn. 39, 285 S.W. 557; *Gentry v. Betty Lou Bakeries,* 171 Tenn. 20, 23, 100 S.W.2d 230; *Lunn v. Ealy,* 176 Tenn. 374, 377, 141 S.W.2d 893; *Bishop v. State,* supra, 199 Tenn. 433, 287 S.W. 52.

"The rule is well settled that when the charge upon any point is meager, but good so far as it goes, it will not be reversible error, unless the party injuriously affected requests further instructions. * * * [citing cases] It is equally well settled that, when no charge whatever is given upon a vital question or issue in the case, it is reversible error. * * *" (citing cases). *Citizens' Street Railway Co. v. Burke,* supra.

██ Nor was the omission or error of the Trial Judge, here complained of, saved by our Harmless Error Statute (T.C.A. sec. 27-117). This statute does not preclude a reversal for an error affecting the result of the trial or depriving the accused of his constitutional right to a fair trial by jury. *Dykes v. State,* 201 Tenn. 65, 68-69, 296 S.W.2d 861, and cases there cited; *Tenn. Gas. Trans. Co. v. Vineyard,* 191 Tenn. 331, 333, 232 S.W.2d 403, 20 A.L.R. 2d 279; *McClard v. Reid,* 190 Tenn. 337, 342-345, 229 S.W. 2d 505; *Harbison v. Briggs Paint Co.,* supra.

For the error above indicated, the judgment of the court below is reversed and the case will be remanded for a new trial.