Dennis Rader, Plaintiff in Error,

*v.*

State of Tennessee, Defendant in Error.

404 S.W.2d 487.

(*Knoxville,* September Term, 1965.)

Opinion filed June 3, 1966.

Walter E. Fisher, Clinton, for Dennis Rader.

George F. McCanless, Attorney General, William H. Lassiter, Jr., Assistant Attorney General, for the State. J. H. McCartt, District Attorney General, Wartburg, and G. W. Ridemour, Jr., Assistant District Attorney General, Clinton, prosecuted case for the State in trial court.

482

Mr. Justice Dyer delivered the opinion of the Court.

Plaintiff in error, referred to as defendant, appeals from a conviction of rape for which he has been sentenced to serve 20 years in the State Penitentiary.

The defendant, as part of his defense, put into evidence, by witnesses, testimony of his good character. Error is assigned to the failure of the trial judge to charge the jury in respect to the testimony of good character, even though there was no special request for such charge.

In the recent case of *Poe v. State,* 212 Tenn. 413, 370 S.W.2d 488 (1962) this court dealt in some detail with the duty of the trial judge in regard to a charge to the jury absent special requests. The *Poe* case held, absent special requests, it was the duty of the trial judge to give a complete charge on the law applicable to the facts and a defendant has a fundamental right to have every issue of fact raised by the evidence and material to his defense submitted to the jury upon proper instructions.

In *Strader v. State,* 208 Tenn. 192, 344 S.W.2d 546, 87 A.L.R.2d 963 (1960) this court held a defendant is entitled to put in evidence his good character for two purposes; (1) to strengthen the presumption of his innocence; and (2) to enhance his credibility as a witness.

We think the case at bar should be controlled by the reasoning of the court in *Seymour v. State,* 102 Ga. 803, 30 S.E. 263 (1898). This was a rape case wherein the trial court failed to properly charge the jury relative to the evidence of good character offered by the defendant. The court, in reversing the trial court for failure to so properly charge the jury, noted the defendant had no witnesses and his good character was all he could rely upon to support his plea of not guilty.

In the case at bar the violated female was one, Sandra, fourteen years old and a sister of defendant's wife. Sandra was staying in defendant's home to help care for his two small children while defendant's wife was in the hospital. The rape took place in this home on two consecutive nights with no one present but defendant, Sandra and the two small children. There is no dispute Sandra and defendant were in this home on these two nights with these small children. Sandra testified in some detail to rape on the two occasions. Defendant as a witness in his own defense, denied such. There is little, if any, other material evidence.

Under the facts of this case the only evidence defendant could offer in his defense was evidence of his good character to enhance his credibility as a witness. This being true evidence of defendant's good character was material to his defense and he had a fundamental right to have the evidence submitted to the jury upon proper instructions.

The trial judge was in error, under the facts of this case, in failure to properly instruct the jury in respect to the testimony of character witnesses offered by defendant, even though no special request was made for such charge.

Under the view we take of the case it would be improper for us to further comment, since the case will have to again be tried.

Reversed and remanded.

BURNETT, CHIEF JUSTICE, and WHITE, CHATTIN and CRESON, JUSTICES, concur.