IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 15, 2001

## STATE OF TENNESSEE v. GRADY PAUL GATLIN

**Appeal from the Circuit Court for Marshall County**
**No. 14186**

---

**No. M2000-02356-CCA-R3-CD - FILED SEPTEMBER 25, 2001**

---

James Curwood Witt, Jr., J., concurring and dissenting.


I must respectfully depart from the lead opinion in this case. I cannot conclude that the misdemeanor offense of casually exchanging a controlled substance is a lesser-included offense of felony possession with the intent to sell or deliver. *Compare* Tenn. Code Ann. § 39-17-417(a)(4) (1997) *with* Tenn. Code Ann. § 39-17-418(a) (1997).

Because many of our proscriptive statutes establish alternative modes for committing crimes, and because the determination of lesser-included offenses involves a statutory elements analysis, *State v. Burns* 6 S.W.3d 453, 466 (Tenn. 1999), analysis of lesser-included offenses has often entailed the comparison of a specific mode of the greater offense with a specific, related mode of the lesser offense. *See, e.g., State v. David Wayne Salley*, No. E1999-00203-CCA-R3-CD (Tenn. Crim. App., Knoxville, Oct. 11, 2000) (comparing the bodily injury mode of rape with similar mode of aggravated assault); *State v. Robbie James*, No. M2000-00304-CCA-RM-CD, slip op. at 6 (Tenn. Crim. App., Nashville, Mar. 20, 2000) (child-victim mode of aggravated sexual battery is lesser-included offense of child rape); *State v. Gary J. Greer*, No. 01C01-9808-CR-00337, slip op. at 11-13 (Tenn. Crim. App., Nashville, Mar. 17, 2000), *pet. for perm. app. filed* (Tenn. 2000); *State v. Reed*, 689 S.W.2d 190, 193 (Tenn. Crim. App. 1984) (aggravated assault found to be lesser-included offense of aggravated rape based upon commonality of "weapon" mode).

An examination of the statutes defining drug offenses reflects that they are organized into modes of conduct. A person commits a felony who either manufactures, delivers or sells a controlled substance; alternatively, he who possesses the controlled substance with intent to manufacture, deliver or sell also commits a felony. Tenn. Code Ann. § 39-17-417(a) (1997). Some of the modes that define this offense describe mere possession, although others describe a transfer of the controlled substance. Likewise, the misdemeanor drug statute proscribes possession as a mode of conduct, and alternatively it proscribes "casual exchange" – that is, conduct involving a transfer

of the controlled substance. *See* Tenn. Code Ann. § 39-17-418(a) (establishing an offense "for a person to knowingly possess *or* casually exchange a controlled substance) (emphasis added).

In the present case, each drug offense was a felony that was alleged in the indictment as possession with intent to sell. In my view, only the possession mode of the misdemeanor would be a lesser-included offense. *See Burns*, 6 S.W.3d at 466-67. The requirement of an exchange is not an element of the charged felony offense of possession. Judge Welles makes an influential argument that casual exchange would constitute a lesser-included offense of felony possession pursuant to the "(b)" prong of the *Burns* test, but respectfully I remain unconvinced. I do believe that the possession mode of committing the misdemeanor would be a lesser-included offense of any mode of committing the felony, for the simple reason that possession is a necessary condition of any manufacture, delivery or sale, but it seems to me that the casual exchange mode lines up with only the transfer modes of the felony offense – that is, delivery and sale.

Therefore, I conclude that the trial judge advisedly and correctly (1) charged the jury that misdemeanor possession is included within the charged offense of possession and (2) omitted casual exchange as a lesser-included offense option. I believe the analysis that supports this conclusion utilizes and advances a methodology for determining lesser-included offenses that facilitates this task throughout the broad range of criminal offenses.

That said, I conclude that the trial court nevertheless erred in failing to charge the jury as to the separate "casual exchange" inference set forth in Code section 39-17-419. That section provides,

> It may be inferred from the amount of a controlled substance or substances possessed by an offender, along with other relevant facts surrounding the arrest, that the controlled substance or substances were possessed with the purpose of selling or otherwise dispensing. It may be inferred from circumstances indicating a casual exchange among individuals of a small amount of a controlled substance or substances that the controlled substance or substances so exchanged were possessed not with the purpose of selling or otherwise dispensing in violation of the provisions of § 39-17-417(a). Such inferences shall be transmitted to the jury by the trial judge's charge, and the jury will consider such inferences along with the nature of the substance possessed when affixing the penalty.

Tenn. Code Ann. § 39-17-419 (1997). The second clause, or the "casual exchange" portion, of this statute is ameliorative to the defendant. It should have been charged to the jury even though the "casual exchange" *offense* was not charged in the indictment.

The rationale for giving the section 39-17-419 charge despite the absence of "casual exchange" as a mode of committing the misdemeanor offense is that the inferences mandated in that

section implicate issues of *evidence*, not *statutory elements*. A charged offense of felony possession with intent to sell may be proven through evidence that shows a transfer or sale of the controlled substance, as was done in the present case. In that situation, the jury must be informed of the evidentiary effect of this evidence; it must be acquainted with the statutorily-mandated inference that proof of the defendant's transfer of a controlled substances might not indicate a felony possession, based upon "circumstances indicating a casual exchange among individuals of a small amount of a controlled substance."

In my view, this instructional issue was fairly raised by the evidence and was "fundamental to the defense and essential to a fair trial." *See Poe v. State*, 212 Tenn. 413, 420, 370 S.W.2d 488, 491 (1963). Thus, the defendant was entitled to the instruction, despite his failure to request it or to object to its omission. *Compare id. with* Tenn. R. Crim. P. 30(a) and *State v. Cravens*, 764 S.W.2d 754 (Tenn. 1989).

A closer question is whether the failure to raise the issue in the defendant's motion for new trial constitutes a waiver or whether the error should be noticed as plain error. I conclude that the error has affected the substantial rights of the defendant and constitutes plain error. *See* Tenn. R. Crim. P. 52(b). In the present case, the defendant maintained that his possession of drugs was to serve his personal drug habit and that any transfers to other persons were incidental or casual and not acts of felony delivery or sale. Significantly, there was no evidence of a "buy" from someone in law enforcement. The evidence of felony possession rested upon the testimony – and credibility – of some of the recipients of the controlled substances or witnesses to the transfers. Under these circumstances, it seems vital that the jury be informed of the legislatively-mandated inference about casual exchange.

Thus, I concur in the lead opinion's result. I would reverse the convictions premised upon possession of controlled substances and remand for a new trial.

_____
James Curwood Witt, Jr., Judge