IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 28, 2001

## JOSEPH AZELL LEE v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
**No. 233698     Stephen M. Bevil, Judge**

_____

**No. E2001-00424-CCA-R3-PC**
**March 5, 2002**
_____

The petitioner appeals from the Hamilton County Criminal Court's denying him post-conviction relief from his 1998 conviction for the attempt to commit aggravated assault and ensuing twelve-year sentence as a career offender. He contends that he received the ineffective assistance of counsel. We affirm the conviction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Jeffrey S. Schaarschmidt, Chattanooga, Tennessee, for the appellant, Joseph Azell Lee.

Paul G. Summers, Attorney General and Reporter; P. Robin Dixon, Jr., Assistant Attorney General; William H. Cox, III, District Attorney General; and Barry A. Steelman, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The petitioner's conviction arose from an altercation in 1996 between him, as a prisoner, and Hamilton County Sheriff's Officer Ronald Rice after the petitioner's trip to the health department for an examination. Originally charged with aggravated assault and attempted escape, the petitioner was convicted of attempted aggravated assault and attempted escape, which this court affirmed on appeal by order pursuant to Rule 20, Tenn. Ct. Crim. App. R. State v. Joseph Azell Lee, No. 03C01-9810-CR-00369, Hamilton County (Tenn. Crim. App. Aug. 6, 1999) (order), app. denied (Tenn. Dec. 13, 1999).

In seeking post-conviction relief, the petitioner faults his trial attorney for not being able to introduce into evidence inconsistent statements by Officer Rice, the victim, because of the attorney's failure to follow proper evidentiary procedure. He also complains that although his defense was that

he did not assault the victim and evidence was introduced indicating that he was preventing the victim's assault on him, his attorney did not request a self-defense instruction.

Initially, the state contends that the petitioner's appeal must fail because neither the victim's purportedly inconsistent statements nor the convicting trial transcript are included in the record on appeal. It notes that the appellant must prepare a record that presents a complete account of what occurred in the trial court regarding the issues presented for review. The record reflects that out-of-court statements by police officers regarding the victim's statements were introduced as exhibits at the post-conviction hearing. It also reflects that the petitioner relied upon the trial transcript in that hearing. Neither the exhibits nor the trial transcript are before us in the record on appeal.

Counsel for the petitioner replies that he believes the transcript was filed with this court "as part of the greater record in this cause" and that it would be "superfluous and . . . contrary to the Rules of Appellate Procedure," citing Rule 24(a) regarding no need to include something in a record more than once. He asserts that the state has failed to show any prejudice "suffered by [itself] or the appeal process." He also cites to Rule 1, T.R.A.P., regarding the rules being construed "to secure the just, speedy, and inexpensive determination of every proceeding on its merits," noting, as well, that in the "spirit of enhancing and not impeding the search for justice," this court may order the filing of a transcript. See T.R.A.P. 26(b). Finally, counsel asserts that even without the record, the issues can be decided based upon the record before the court, noting in particular that the petitioner's trial attorney admitted he did not request a self-defense jury instruction. We note that the petitioner has sought neither to supplement the record nor to consolidate it with any previous record on appeal. We also note that the petitioner's brief reflects that counsel had a copy of the trial transcript to which he cited in the brief, although not using this court's volume number designations.

We believe that the petitioner misapprehends the need for rules of procedure and for complying with them in order to accomplish the efficient administration of justice. The appellate rules adopted by the supreme court, and essentially devised by an advisory commission primarily consisting of practicing attorneys, are, indeed, intended to secure just, speedy, and inexpensive resolutions of appeals on their merits. However, such a resolution occurs only when all participants in the appellate system comply with their obligations under the rules. In this respect, the petitioner's failure to provide an adequate record on appeal has impeded, as a practical matter, the most efficient and full analysis by the state of the issues presented. This is because the appellate court clerk sent only the record on appeal in this case to the attorney general's office. In this respect, we note that the state's handling of the self-defense issue is bare of any factual analysis because of this fact.

We acknowledge that the record on appeal in the petitioner's appeal of his conviction exists, but without the petitioner seeking to consolidate it with this appeal, the court system was not on notice to retrieve that record and keep it with the present record. Moreover, without the exhibits in the present case being made part of the record on appeal, there is no way for the state or us to determine with certainty whether they are the same statements that were at issue at the petitioner's trial. And the fact that the trial attorney said he did not request a self-defense instruction does not tell us the actual instructions given. Thus, the opposing party and the court are made less efficient

in the ultimate goal of resolving the case on the merits because the petitioner has not met his obligations under the rules.

As an intermediate appellate court, we are bound to accept and resolve any case appealed to us that is within our jurisdiction. The petitioner's lack of compliance with the rules affects the efficiency of the system to resolve the case. However, solely to do complete justice to the petitioner in this post-conviction case, the only one the law allows him, we take judicial notice of the record on appeal from the petitioner's appeal of his conviction.

At the convicting trial, Officer Rice testified that after the petitioner's physical examination, he was taking the petitioner to the cruiser. He said that he went to the side of the petitioner in order to open the rear passenger door but that as he opened the door, he felt something hit him. He then saw the petitioner holding him and he tried to get the petitioner off him. Officer Rice testified that in the struggle, the petitioner bit him on the shoulder blade. Still struggling, Officer Rice felt his belt and handgun moving and placed both hands on top of the petitioner's hand, which was on the gun, and pushed down hard in order to keep the gun holstered. He said that while both his hands were so occupied, the petitioner hit him in the face several times. A Chattanooga police officer arrived and helped subdue the petitioner and handcuff and shackle him again. Officer Rice testified that a search of the petitioner uncovered a handcuff key and a "homemade" weapon, called a "shank," in the petitioner's sock.

Two employees of the health department saw the altercation from the building. They both testified that Officer Rice's hands, not the petitioner's, were on the gun. However, both said that the petitioner was attempting to draw or gain control of the weapon while Officer Rice was trying to keep it holstered. One heard Officer Rice say, "Joe, don't do this, please, don't do this."

Chattanooga Police Officer Patrick O'Brien testified about coming to Officer Rice's aid and finding a handcuff key and a "shank" in the petitioner's sock. A corrections officer for the Hamilton County jail testified that because the petitioner refused to be searched and demanded to speak with a sergeant, the petitioner was not searched before his trip to the health department. The sergeant testified that he did not search the petitioner but performed a quick frisk. Although he did not find anything, he admitted that items could have been in the petitioner's shoe and would not have been found during the frisk.

The trial court dismissed the aggravated assault charge and submitted the case to the jury regarding an attempted aggravated assault and misdemeanor assault. After his conviction, the petitioner appealed. The sole issue raised by the petitioner's attorney was that the trial court erred in submitting the attempted aggravated assault charge to the jury when the evidence only supported a misdemeanor assault.

When a claim of ineffective assistance of counsel is made, the burden is upon the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the

-3-

proceedings fundamentally unfair. See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); State v. Melson, 772 S.W.2d 417, 419 (Tenn. 1989). In Tennessee, attorneys are to be held to the general standard of whether the services rendered were within the range of competence demanded of attorneys in criminal cases. See Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). In reviewing an attorney's conduct, a "fair assessment of attorney performances requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; see Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982) (holding that counsel's conduct will not be measured by "20-20 hindsight"). Also, we note that the approach to the issue of the ineffective assistance of counsel does not have to start with an analysis of an attorney's conduct. If prejudice is not shown, we need not seek to determine the validity of the allegations about deficient performance. Strickland, 466 U.S. at 697, 104 S. Ct. at 2069.

The burden was on the petitioner in the trial court to prove by clear and convincing evidence the factual allegations that would entitle him to relief. Tenn. Code Ann. § 40-30-210(f). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. See Fields v. State, 40 S.W.3d 450, 457-58 (Tenn. 2001). In this respect, the petitioner has the burden of illustrating how the evidence preponderates against the judgment entered. However, we review the trial court's conclusion regarding the effectiveness of counsel de novo because it involves a mixed question of law and fact. See Fields, 40 S.W.3d at 458.

At the post-conviction hearing, the petitioner complained about his trial attorney's inability to introduce prior statements by Officer Rice that the petitioner claimed were inconsistent with each other and Officer Rice's trial testimony. The trial record reflects that Hamilton County Sheriff's Detective Chris Chambers prepared the affidavit of complaint against the petitioner and a supplemental report, both of which were based upon interviews with Officer Rice. Also, a Jail Incident Report was prepared based upon an interview with Officer Rice. The trial attorney did not question Officer Rice regarding these statements. Instead, he sought to have Detective Chambers testify about Officer Rice's statements to him. The trial court sustained the state's objection to the evidence, holding that before the petitioner could prove Officer Rice's prior statements through Detective Chambers, he should have confronted Officer Rice with the statements during cross-examination.

The petitioner argues that given the importance of Officer Rice's credibility, his attorney should have introduced the inconsistent statements. The attorney testified that he still believed that the procedure he used for the statements was proper but, in any event, he believed any inconsistencies among Officer Rice's testimony and prior statements were insignificant. The trial court agreed with this view of the importance of the impeachment evidence. We agree. The only inconsistencies to which the petitioner specifically refers relate to one statement saying that Officer Rice was attacked and pushed to the car, another statement saying that Officer Rice was pushed to the hood of the cruiser, and the third statement saying that the petitioner "jumped" Officer Rice. We note, though, that Officer Rice's testimony at trial did not include any of the supposed inconsistent

-4-

statements. The only relevant testimony was that he felt something hit him and saw that the petitioner was holding him. Under these circumstances, we believe that the inconsistencies are inconsequential. Moreover, with the prior statements reflecting harsher action by the petitioner, we see no real possibility that the failure to use them was harmful to the petitioner.

Next, the petitioner complains that his trial attorney failed to request a self-defense instruction. He notes that the attorney argued to the jury that one could reasonably infer from the evidence about Officer Rice's hands on the gun with the petitioner's hands on his hands that the petitioner was trying to keep the gun holstered. The state replies that the petitioner has waived this issue because neither the jury instructions nor the trial transcripts have been provided on appeal. It also argues that there was no evidence to support a request for self-defense instructions.

In Tennessee, the law of self-defense is fundamental to a case when the evidence fairly raises it as an issue. See Myers v. State, 185 Tenn. 264, 268, 206 S.W.2d 30, 32 (1947). Moreover, the general rule is that the failure to give a fundamental instruction is reversible error even though no request for such an instruction is made. See Poe v. State, 212 Tenn. 413, 416, 370 S.W.2d 488, 489 (1963); Morrison v. State, 212 Tenn. 633, 638, 371 S.W.2d 441, 443 (1963). However, we do not believe self-defense was fairly raised by the evidence. Officer Rice and the two health department employees testified that the petitioner was attempting to pull Officer Rice's gun from the holster, while Officer Rice was attempting to keep the gun holstered. The petitioner's handcuffs and leg irons had been unlocked, and the petitioner was found with a weapon and a handcuff key. The only thing to which the petitioner alludes is the mere fact that two witnesses placed Officer Rice's hands on the gun with the petitioner's hands on top. Given the remaining evidence, we do not believe that this fact, alone, would justify a self-defense instruction.

In any event, we do not believe that the failure to instruct on self-defense satisfies the prejudice prong of Strickland. The evidence overwhelmingly shows that the petitioner tried to escape, assaulted Officer Rice, and attempted to get his gun. We see no reasonable probability that the jury verdict would have been different if the jury had been instructed regarding self-defense. The trial attorney's theories of defense were that the petitioner did not assault Officer Rice, but if he did, it was only misdemeanor assault. To convict the petitioner under the allegations in the indictment, the jury had to conclude beyond a reasonable doubt that the petitioner was attempting to obtain the gun in order to threaten the officer. Such a finding under the proof, coupled with the finding that the petitioner attempted to escape, reflect that the jury fully believed the state's witnesses. We conclude that the trial court properly determined that the petitioner did not receive the ineffective assistance of counsel.

In consideration of the foregoing and the records before us, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, JUDGE