# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs July 12, 2005

## STATE OF TENNESSEE v. ANTHONY GRIFFIN

**Direct Appeal from the Criminal Court for Shelby County**
**No. 01-10130     Joseph B. Dailey, Judge**

---

**No. W2003-01636-CCA-R3-CD  - Filed September 30, 2005**

---

JAMES CURWOOD WITT, JR., J., concurring.

I concur in the result regarding the trial court's failure to instruct on the lesser offense of Class E evading arrest. In my view, the legislature was empowered to enact the 2001 amendment (effective 2002) to Tennessee Code Annotated section 40-18-110. As a result, the defendant's failure to make a timely objection or request for a special instruction equates to a waiver of the issue on appeal.

We should bear in mind that, prior to the amendment of section 40-18-110, Tennessee Rule of Criminal Procedure 30 was construed to mean that a defendant aggrieved of the trial court's omission of a jury instruction was obliged to request a special instruction or make a timely, contemporaneous objection. *State v. Cravens*, 764 S.W.2d 754, 756 (Tenn. 1989); *State v. Townes*, 56 S.W.3d  30, 36 (Tenn. Crim. App. 2000); *State v.  Haynes*, 720 S.W.2d 76, 84-85 (Tenn. Crim. App. 1986). Thus, although former Code section 40-18-110 required the trial court to instruct on lesser included offenses even when the defendant did not request the charge, the thrust of the amendment to Code section 40-18-110 is in keeping with the general rule that an aggrieved party must act in a timely manner to address the omission of an instruction. Essentially, the amendment of section 40-18-110 renders the omission of an instruction on a lesser included offense subject to the general rule requiring a request or an objection.

The obvious question, then, is whether the omission of lesser included offense instructions may be handled in the manner typical of the general rule.

Tennessee courts have said that "an objection or special request for an omitted charge is excused when the charge relates to an issue that is 'fundamental to the defense and essential to a fair trial.'" *Townes*, 56 S.W.3d at 36 (quoting *Poe v. State*, 212 Tenn. 413, 420, 370 S.W.2d 488, 491 (1963)). In *Poe*, our supreme court said that an instruction on the alibi defense "was . . . fundamental and . . . necessary to fair trial," and the failure to give the alibi instruction was reversible error despite the absence of a request for it. *Id.* Additionally, the *Poe* court said that the then-existing harmless

error statute, Tennessee Code Annotated section 27-117, "did not preclude a reversal for an error affecting the result of the trial or depriving the accused of his constitutional right to a fair trial by jury." *Id.* at 419-21, 370 S.W.2d at 491-92; *see* Tenn. Code Ann. § 27-117 (precluding reversal for non-prejudicial error) (repealed, 1981 Pub. Acts ch. 449, § 1(8)). It is unclear to me whether the *Poe* court determined that the statutory harmless error mandate had no sway in errors of a constitutional nature or whether no harmless error analysis was apt in the case at hand.

At any rate, and especially if the *Poe* court intended to pretermit a harmless error analysis, one might surmise that the term "fundamental" used in *Poe* equates to the concept of a "structural" issue more recently articulated by our supreme court. For example, in *State v. Garrison*, 40 S.W.3d 426 (Tenn. 2000), our supreme court considered the nature of the trial court's error in failing to instruct on all of the elements of the charged offense. After proclaiming that, in Tennessee, the constitutional right to a jury trial embraces "a right to a correct and complete charge of the law," the court held that the defendant's "rights were violated because the trial court's charge omitted an essential element of the offense." *Id.* at 432. Nevertheless, the court held that the error, though constitutional in nature, was harmless beyond a reasonable doubt. *Id.* at 435. Before reaching the conclusion that the issue was subject to harmless error analysis, the court determined "whether the trial court's error in omitting an essential element of an offense from the jury charge is structural, one that would 'defy harmless-error review.'" *Id.* at 433-34. The court quoted *Neder v. United States*, 527 U.S. 1, 119 S. Ct. 1827 (1999), for the notion that structural errors "'infect the entire trial process' and necessarily render a trial fundamentally unfair." *Garrison*, 40 S.W.3d at 434 (quoting *Neder*, 527 U.S. at 8-9, 119 S. Ct. At 1833-34); *see State v. Robert Faulkner*, 154 S.W.3d 48, 60-61 (Tenn. 2005) (commenting that an erroneous instruction, if structural, would not be subject to harmless error analysis). In *Garrison*, of course, the omitted instruction was deemed not structural; nevertheless, *Poe* and *Garrison* both referred to the fundamental fairness of the proceeding being impaired by the omission of an instruction. The language is suggestive of *Poe*, which tells us that instructional omissions that are fundamental demand reversal despite the aggrieved party's failure to timely object or request the instruction. I infer that, for cases not involving a structural issue and not governed by the former version of Code section 40-18-110, the general rule requiring a request or an objection would apply.

Moving to the issue of omitting a lesser included offense instruction, our supreme court, after stating that "an erroneous failure to instruct on lesser-included offenses is a constitutional error," *State v. Ely*, 48 S.W.3d 710, 726 (Tenn. 2001), has applied the harmless error standard for constitutional errors, *id.* As such, the failure to instruct the jury on lesser included offenses is not a structural or fundamental error requiring automatic reversal.

If, then, the omission of an instruction on a lesser include offense, though constitutional in nature, is not so fundamental as to require automatic reversal, it seems reasonable to conclude that the general rule requiring a request or objection applies. In other words, based on *Poe*, the requirement of a request or an objection would not be constitutionally significant. At least, I know of no adjunct to the constitutional right of jury trial that would prohibit procedural waiver of the right to submit issues to the jury for resolution. Even though "fundamental rights" must be

"waived personally by the defendant," *Momon v. State*, 18 S.W.3d 152, 161 (Tenn. 1999), our judicial process commonly allows courts and lawyers to divert non-fundamental issues from the jury, *compare Jones v. Barnes*, 463 U.S. 745, 751, 103 S. Ct. 3308, 3312 (1983) (stating that "the accused has the ultimate authority to make certain fundamental decisions regarding the case, as to whether to . . . waive a jury") *with United States v. Booker*, ___ U.S. ___, ___, 125 S. Ct. 738, 769 (2005) (commenting that violations of the right to have a jury determine certain facts in sentencing is subject to "ordinary prudential doctrines" such as "whether the issue was raised below and whether it fails the 'plain-error' test"); *see, e.g., Henley v. State*, 960 S.W.2d 572, 579 (Tenn. 1997) (affording criminal defense attorneys significant discretion in formulating trial strategy and tactics, including decisions about the use or rejection of evidence to be submitted to the jury). Thus, I infer from recent caselaw development that, were it not for the dispensation granted in the former version of Code section 40-18-110, omissions of lesser included offense instructions would have been subject to the general rule that a claim of such an omitted instruction is waived unless a request or objection is timely made.

In that context, the legislature did not trespass on constitutional soil when it amended the statute. In the face of the general rule for raising issues of omitted instructions, the amendment adds only the requirement that the instruction request be in writing. Thus, in the present case, the claim of an omitted lesser included offense instruction is waived.

_____
JAMES CURWOOD WITT, JR., JUDGE