IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
OCTOBER SESSION, 1999

FILED

December 1, 1999

Cecil CROWS ON, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | |
| | * | No. 03C01-9812-CC-00417 |
| Appellee, | * | |
| | * | BLOUNT COUNTY |
| vs. | * | |
| | * | Hon. D. Kelly Thomas, Jr., Judge |
| MICHELLE FRANZE, | * | |
| | * | (Theft of Property Over $10,000) |
| Appellant. | * | |

For the Appellant:

**John E. Herbison**
Attorney for Appellant
2016 Eighth Avenue South
Nashville, TN 37204

(ON APPEAL)

**Mack Garner**
District Public Defender
419 High Street
Maryville, TN 37804

(AT TRIAL)

For the Appellee:

**Paul G. Summers**
Attorney General and Reporter

**Erik W. Daab**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

**Michael L. Flynn**
District Attorney General

**Edward P. Bailey, Jr.**
Asst. District Attorney General
363 Court Street
Maryville, TN 37804

OPINION FILED: _____

AFFIRMED

**David G. Hayes,** Judge

## OPINION

The appellant, Michelle Franze, was found guilty by a jury of theft of property over $10,000. The Blount County Criminal Court imposed a split confinement sentence of three years with 210 days confinement followed by two years, 5 months supervised probation. At trial, the appellant defended upon the affirmative defense of "claim of right." On appeal, she contends that "the trial court's failure to instruct the jury on the meaning of the phrase 'claim of right' constitutes plain and prejudicial error."

After review of the record, we affirm.

## Background

On December 24, 1996, the appellant rented a 1996 Dodge Intrepid from National Car Rental at the McGhee-Tyson Airport in Alcoa. By written contractual agreement, the appellant was to return the vehicle on December 27, 1996. At this time, she provided the agent on duty with her name as listed on her driver's license, her telephone number, and a Visa credit card. The vehicle was not returned as provided by the rental agreement.

At no time after December 27, 1996, did National Car Rental or its agents extend permission to the appellant to retain possession of the vehicle. Soon after January 1, 1997, the Knoxville area manager of National Car Rental attempted to contact the appellant by telephone regarding the 1996 Intrepid. His attempts, however, were futile as the telephone number provided by the appellant belonged to another person and the address on the appellant's driver's license was not a valid address for her. After an exhaustive investigation, the manager was able to locate a post office box in Jefferson City registered in the appellant's name. National Car Rental mailed the appellant two certified letters pertaining to her failure to relinquish the vehicle. These were returned undaimed.

On March 11, 1997, a Trenton, Georgia, police officer stopped a 1996 Dodge Intrepid for reckless driving. The vehicle was driven by a seventeen year old male. After conducting a registration check, the officer discovered that the car was stolen from National Car Rental. From information provided by the juvenile, the officer was able to locate the appellant at a farm house. The appellant told the officer that "[s]he rented a vehicle and the brakes messed up, so on Christmas Eve, she left the rental car at the airport . . . and rented another car with her credit card." She informed the officer

that she had not returned the Intrepid because "she was still using the vehicle to go to work." She also stated that "she assumed that [National Car Rental] would just take what she owed out of her credit card." She advised that she had given the seventeen year old permission to drive the vehicle.

At the appellant's subsequent trial, in her own defense, she testified that she did not steal the car. She offered explanations for the false telephone number and address that she provided National Car Rental. Moreover, despite her admissions to the police officer at the time of her arrest, she maintained that she had contacted National Car Rental and extended her rental agreement with them. Furthermore, because "[she] really liked the car, it was [her] intent to purchase the car when [she] went back."

## Analysis

In her only issue on appeal, the appellant alleges error based upon the trial court's failure to provide a specific instruction on the definition of "claim of right." Specifically, she alleges that the trial court's mere recitation of the statutory language instead of defining this "phrase of art" term invited the jury to speculate as to its meaning. Initially, we note that the appellant failed to object to the jury instruction at the time of trial and in her motion for new trial. Moreover, she concedes that she failed to make a request for such specific instruction to the trial court. It is well established in Tennessee that, generally, a failure to object to the omission of a jury instruction waives that issue for appellate review. State v. Reece, 637 S.W.2d 858, 861 (Tenn. 1982). See also State v. Haynes, 720 S.W.2d 76, 85 (Tenn. Crim. App. 1986). Moreover, Tenn. R. App. P. 36(a) provides: "Nothing in this rule shall be construed as requiring relief to be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error." Accordingly, this issue has been waived. See State v. Killebrew, 760 S.W.2d 228, 235 (Tenn. Crim. App. 1988); see also Tenn. R. App. P. 36(a); Tenn. R. App. P. 3(e).

Notwithstanding waiver, the trial court instructed the jury:

Included in the defendant's plea of not guilty is her defense of claim of right.

It is a defense to prosecution of this offense:
(1) that the defendant acted under an honest claim of right to the property involved;

3

or

(2) that the defendant acted in the honest belief that she had the right to obtain or exercise control over the property as she did.

"Property," "obtain," "effective consent," and "deception" have previously been defined in the court's previous instructions.

The burden of proof on this issue is upon the defendant to prove the defense by a preponderance of the evidence. If, from all the facts and circumstances in the case, you find that the defendant acted under a claim of right, then you must find the defendant not guilty.

In criminal cases, it is the duty and obligation of a trial judge, without request, to instruct the jury as to the law applicable to the evidence as well as to any issues which the jury must ultimately decide. Poe v. State, 212 Tenn. 413, 370 S.W.2d 488, 489 (Tenn. 1963); see also State v. Harbison, 704 S.W.2d 314, 419 (Tenn. 1986), cert. denied, 476 U.S. 1153, 106 S.Ct. 2261 (1986); State v. Thompson, 519 S.W.2d 789, 792 (Tenn. 1975). The jury has the duty to apply the law contained in the charge of the trial judge to the ultimate facts which it determines exist. See Ford v. State, 101 Tenn. 454, 458, 47 S.W. 703, 705 (1898). Due to the importance of the charge on the role of the jury reaching its decision, the accused is entitled to have the law pertaining to his case stated plainly to the jury in a manner which enables them to comprehend the principles involved. See Lancaster v. State, 43 Tenn. (3 Cold.) 339, 343 (1866) (emphasis added).

In the present case, the trial court correctly charged the jury as to the defense of "claim of right" as defined in Tenn. Code Ann. §39-14-107. The terms of the charge in its entirety are easily understood by the average layperson and the law was clearly articulated in the charge. The fact that the instructions could have been more detailed does not render the instructions as given to be improper, and absent a special request for an additional charge, a trial court will not be held in error. Haynes, 720 S.W.2d at 85.

Moreover, even assuming that greater clarity should have been provided by an instruction, the appellant suffered no prejudice by the omission. The appellant defended at trial upon the theory that she had a right to exercise control over the vehicle, see Tenn. Code Ann. § 39-14-107(2), as opposed to a "claim of right." See Tenn. Code Ann. § 39-14-107(1). Subsection (1) of the statute, "claim of right," addresses the situation where the accused claims an honest belief that the property belongs to him or her and that it does not belong to another. See generally MODEL PENAL CODE § 223.1 (1980). Subsection (2), as claimed in the present case, is applicable to those situations where the accused may know that the property belongs to another but acts in the honest belief that he or she is

4

entitled to exercise control over the property. <u>See generally</u> MODEL PENAL CODE § 223.1. Accordingly, this issue is without merit.

For the above reasons, the judgment of the trial court is affirmed.

_____
DAVID G. HAYES, Judge

CONCUR:

_____
GARY R. WADE, Presiding Judge

_____
DAVID H. WELLES, Judge

5